# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1705

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Michael David Blazek, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: September 13, 2005
Filed: December 21, 2005

_____

Before LOKEN, Chief Judge, WOLLMAN and BYE, Circuit Judges.

_____

LOKEN, Chief Judge.

Michael Blazek appeals his conviction and sentence on charges of attempted enticement of a minor for sex, travel in interstate commerce to engage in prohibited sex acts with a minor, and two child pornography offenses. He argues that the evidence was insufficient to convict him of the enticement and travel offenses, the district court[1] erred in admitting a prior sexual assault conviction, a jury instruction was misleading, and the court erred in imposing a sentence enhancement under U.S.S.G. § 4B1.5 for repeated sexual offenses against minors. We affirm.

_____

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

# I.

In July 2001, Blazek entered an internet "male for male" chat room from his computer in Des Moines and then sent an instant message asking "Brian" for his age and location. Brian responded that he was a 15 year old male in Chicago. Brian was in fact Inspector Dan Everett of the Chicago Police Department posing as a teenage boy to investigate internet crimes against children. Blazek and Brian discussed their respective sexual experiences. Blazek stated that he preferred "[y]ounger smooth guys" and described his sexual preferences. Blazek and Brian continued their instant message and e-mail conversations for fifteen months. At the end of May 2002, Blazek became more explicitly sexual, inviting Brian to give him a massage and suggesting it could lead to sex. In July, Blazek gave a detailed description of how he would massage Brian and said, "[s]ometimes when guys get playful they lose their clothes." In September, Blazek engaged in graphic sexual conversations, discussing oral sex and suggesting a three-way sexual encounter with one of Brian's friends.

Blazek arranged to meet Brian on October 26 at a restaurant in Chicago. Blazek was arrested when he arrived at the restaurant from Iowa. His internet conversations with "Brian" and his trip to Chicago were the basis for the convictions for attempting to entice a minor to engage in illegal sexual activity in violation of 18 U.S.C. § 2422(b), and for traveling in interstate commerce to engage in an illegal sexual act with a minor in violation of 18 U.S.C. § 2423(a). After Blazek traveled to Chicago, postal inspectors obtained a warrant, searched his apartment, and seized his computer. They found hundreds of images and movies of child pornography. These materials were the basis for his convictions for the receipt and possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(2) and (a)(4)(B).

Blazek argues the evidence was insufficient to convict him of the enticement and interstate travel offenses. In reviewing the sufficiency of the evidence, "[w]e view the evidence in the light most favorable to the government, resolving evidentiary

conflicts in favor of the government, and accepting all reasonable inferences drawn from the evidence that support the jury's verdict." United States v. Gaona-Lopez, 408 F.3d 500, 504 (8th Cir. 2005) (quotation omitted).

Blazek argues that the evidence was insufficient to prove he intended to entice a minor to engage in illegal sexual activity because Inspector Everett was the one doing the enticing. Like the district court, we disagree. Blazek began the relationship by contacting Brian and engaging in sexual conversations after learning Brian was fifteen. After extensive breaks in their communications, it was usually Blazek who reestablished the internet relationship. The jury instructions included the issues of entrapment and predisposition to commit the crime charged. Given the explicitly sexual talks that preceded Blazek's trip to Chicago in October 2002, a reasonable jury could find that Blazek intended to entice a minor to engage in illegal sex.

On appeal, Blazek argues for the first time that the evidence was insufficient to convict him of attempting to entice a minor because Inspector Everett was not a minor. We review this issue for plain error. Fed. R. Crim. P. 52(b). The contention is based upon a recent decision of the district court in United States v. Helder, No. 05-00125-01-Cr. (W. D. Mo. Aug. 5, 2005) (Judgment of Acquittal), a ruling that is now pending on appeal in this court, United States v. Helder, *appeal docketed,* No. 05-3387 (8th Cir. Sep. 1, 2005). The decision in Helder is inconsistent with, and did not cite, our decision in United States v. Patten, 397 F.3d 1100 (8th Cir. 2005), that upheld an attempt conviction under 18 U.S.C. § 2422(b) in which the enticed "minor" was an undercover police officer. Though this issue was not raised or discussed in Patten, it was raised and squarely rejected in United States v. Meek, 366 F.3d 705, 717-20 (9th Cir. 2004); United States v. Root, 296 F.3d 1222, 1227-28 (11th Cir. 2002), cert. denied 537 U.S. 1176 (2003); and United States v. Farner, 251 F.3d 510 (5th Cir. 2001).

A "plain" error is one that is "clear" or "obvious." United States v. Olano, 507 U.S. 725, 734 (1993). The Supreme Court discussed *when* an error must be plain in Johnson v. United States, 520 U.S. 461, 468 (1997):

> We . . . hold that in a case such as this -- where the law at the time of trial was settled and clearly contrary to the law at the time of appeal -- it is enough that an error be "plain" at the time of appellate consideration.

In this case, the law at the time of trial was *not* settled in this circuit; we had not addressed the issue. Thus, Johnson leaves open the question whether Blazek must prove that the error alleged was plain at the time of trial, which it clearly was not. But in any event, even if the rule in Johnson applies, and even if this court should ultimately affirm the district court's decision in Helder, thereby creating a conflict with at least three other circuits, the error is not plain at this time. Therefore, the evidence was sufficient to convict Blazek of attempted enticement of a minor.

Finally, Blazek argues the evidence was insufficient to convict him of traveling in interstate commerce "for the purpose of engaging in any sexual act . . . with a person under 18 years of age that would be in violation of Chapter 109A" if it occurred within the territorial jurisdiction of the United States. 18 U.S.C. § 2423(b) (2002).[2] The indictment charged that Blazek traveled with the intent to engage in a sexual act with a person who had attained the age of twelve years but not the age of sixteen years in violation of 18 U.S.C. § 2243(a), which is part of chapter 109A. Blazek argues that the evidence was insufficient to convict him of a § 2243(a) violation because "Brian" said he was fifteen in July 2001, when Blazek and Brian first met in a chat room, and therefore Brian must have been sixteen by the time Blazek traveled to Chicago in October 2002.

---

[2]This statutory prohibition was reorganized but not substantively altered in 2003. See 18 U.S.C. §§ 2423(b) and (f).

A § 2423(b) travel violation turns not on the actual age of the intended victim, but on whether the defendant traveled in interstate commerce with the requisite criminal intent, here, for the purpose of engaging in a sexual act with a minor between the ages of twelve and sixteen. See Root, 296 F.3d at 1231-32. At trial, Inspector Everett testified that "Brian" told Blazek in July 2002, long after their initial conversation, that he was fifteen and would be sixteen in January 2003. In September 2002, the month before the planned meeting in Chicago, Brian again told Blazek he was fifteen. In addition, Postal Inspector Robert Williams testified that, after Blazek's arrest, he told officers that he understood Brian was fifteen. Thus, there was sufficient evidence for a reasonable jury to find that Blazek traveled for the purpose of engaging in a sexual act with someone who was not yet sixteen years old.

## II.

At trial, over Blazek's objection, the government introduced evidence of his 1997 conviction for Abusive Sexual Contact with a Minor in violation of 18 U.S.C. § 2244(a)(1) and testimony that the conviction resulted from Blazek's fondling of his eleven-year-old nephew. The district court admitted this evidence under Rule 413(a) of the Federal Rules of Evidence, which provides that, "[i]n a criminal case in which the defendant is accused of an offense of sexual assault, evidence of the defendant's commission of another offense . . . of sexual assault is admissible." Blazek argues that Rule 413(a) does not apply because he was not charged with an "offense of sexual assault." Like the district court, we disagree.

Rule 413(d) defines an "offense of sexual assault" to include any federal or state crime "that involved -- (1) any conduct proscribed by chapter 109A of title 18, United States Code." Rule 413 does not require that the defendant be charged with a chapter 109A offense, only that the instant offense involve conduct proscribed by chapter 109A. Here, Count Two charged Blazek with violating 18 U.S.C. § 2423(b) by traveling in interstate commerce for the purpose of "knowingly engaging in a

-5-

sexual act with a person who has attained the age of 12 years but has not attained the age of 16 years." That conduct is proscribed by chapter 109A. See 18 U.S.C. § 2243. Thus, the district court properly ruled that the prior conviction evidence was admissible under Rule 413. In addition, the court did not abuse its discretion in declining to exclude that evidence as unfairly prejudicial under the Rule 403 balancing test. See United States v. LeCompte, 131 F.3d 767, 769-70 (8th Cir. 1997).

### III.

Instruction 15 explained to the jury that the charged travel offense required the government to prove that Blazek traveled for the purpose of engaging in a sexual act with a minor at least twelve but less than sixteen years old. The last sentence of that instruction added: "It is not necessary for the United States to prove that the defendant knew the specific age of the victim or that he knew that the requisite age difference existed between the offender and the victim." On appeal, Blazek argues, as he did to the district court, that the last sentence "is a correct statement of the law, but it is misleading to the jury" because to violate 18 U.S.C. § 2243 "the defendant would have to know or have to have an idea as to how old that victim was."

"In reviewing challenges to jury instructions, this Court recognizes that the district court has wide discretion in formulating the instructions, and we will affirm if the entire charge to the jury, when read as a whole, fairly and adequately contains the law applicable to the case." United States v. Sdoulam, 398 F.3d 981, 993 (8th Cir. 2005) (quotations omitted). Here, Instruction 13 told the jury the government must prove that Blazek traveled "for the purpose of engaging in a sexual act . . . with an individual that was less than eighteen years of age." Instruction 14 explained that "[t]he government need only prove that the defendant knew, had reason to know or thought that the person was a minor." The challenged sentence in Instruction 15 was consistent with Instructions 13 and 14 and, as Blazek admits, correctly stated the applicable law. The instructions as a whole were not inherently confusing in requiring

the jury to distinguish between the intent to engage in sexual acts with a minor, and specific knowledge of the victim's age.  There was no abuse of discretion.

## IV.

At sentencing, the district court increased Blazek's offense level and criminal history category under U.S.S.G. § 4B1.5(a) (2001),[3] which applied when "the defendant's instant offense of conviction is a covered sex crime," the career offender provision does not apply, and the defendant committed the instant offense "subsequent to sustaining at least one sex offense conviction."  The court then sentenced Blazek to 235 months in prison, the bottom of his advisory guidelines range.  Blazek argues that § 4B1.5(a) does not apply and therefore his sentence is unreasonable.  We review a challenge to the district court's interpretation and application of the advisory guidelines de novo and the court's factual findings for clear error.  United States v. Mashek, 406 F.3d 1012, 1017 (8th Cir. 2005).

Application note 2 to § 4B1.5 defined "covered sex crime" to include "(A) an offense, perpetrated against a minor, under . . . (iii) chapter 117 . . . or (B) an attempt or a conspiracy to commit any offense described in subdivisions (A)(i) through (iii) of this note."  Blazek's enticement and travel offenses were violations of chapter 117.  Application note 1 defined "minor" as a person under the age of 18 but defined "minor victim" to include "an undercover law enforcement officer who represented to the defendant that the officer was a minor."  Relying on this distinction, Blazek argues that he did not commit "covered sex crimes" because Inspector Everett was a "minor victim," not a "minor."  We disagree.  Application note 2 expressly included as covered sex crimes attempts to commit chapter 117 offenses against minors.  As explained in Part I of this opinion, this court in Patten and at least three other circuits have upheld convictions for attempted enticement under 18 U.S.C. § 2422(b) even

---

[3]The Guidelines in effect when Blazek committed the offenses of conviction.

though the intended victim was in fact an undercover police officer, because the defendant believed the victim to be a minor. Thus, by including attempts in the definition of covered sex crimes, application note 2 expressly included offenses in which the intended victim was a "minor victim" rather than a "minor," as those terms were defined in application note 1. Because Blazek's offenses of conviction included one or more covered sex crimes (the attempts), and because he admittedly had a prior sex offense conviction, the district court properly applied § 4B1.5(a). Blazek does not contend that his sentence was otherwise unreasonable.

The judgment of the district court is affirmed.

_____