# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3387

_____

United States of America     *
          *
     Appellant,    *
          * Appeal from the United States
  v.         * District Court for the
          * Western District of Missouri.
Jan P. Helder, Jr.,      *
          *
     Appellee.    *

_____

Submitted: March 16, 2006
Filed: June 26, 2006

_____

Before ARNOLD and SMITH, Circuit Judges, and MAGNUSON[1], District Judge.

_____

SMITH, Circuit Judge.

Jan P. Helder, Jr. was charged with using a facility of interstate commerce, the Internet, to attempt to entice a minor to engage in illegal sexual activity, in violation of 18 U.S.C. § 2422(b). The district court granted Helder's motion for judgment of acquittal. The government appeals, arguing that the district court erred by granting Helder's motion for judgment of acquittal because § 2422(b) does not require the intended victim to be an actual minor. We reverse.

---

[1]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota, sitting by designation.

## I. *Background*

Helder, a 41-year-old male, entered an Internet Yahoo! chat room under the screen name "trialkc"while at his law office. An undercover officer, Detective Mark Stephens of the CyberCrimes Unit of the Platte County, Missouri, Sheriff's Department, using the screen name "lisa_mo_13" ("lisa"), entered a chat room labeled "Missouri 1." Within ten minutes of entering the chat room, "lisa" was instant messaged by "trialkc."[2] "Trialkc" asked "lisa" if she was "near [K]ansas [C]ity." When "lisa" answered in the affirmative, "trialkc" asked "lisa" how old she was, and "lisa" responded that she was 14 years old. "Trialkc" told "lisa" to watch out for "dirty ole men." When "lisa" said that most of the men in the chat room were cool, "trialkc" opined that was because of a "sting" that was occurring.[3]

"Trialkc" continued to chat with "lisa," eventually asking her about her looks, her clothing, her bra size, her sexual experience, and when her mother was home. "Lisa" told "trialkc" that she had previously engaged in sexual activity with an older man whom she met online and with whom she "did it" over Christmas break while her mom was at work. "Trialkc" asked "lisa" if she was "looking for another experience"

---

[2]Yahoo!'s instant messaging service allows for direct, private chats between two people.

[3]A few months prior to the chat between "trialkc" and "lisa," a local television news channel had partnered with a private online vigilante group to conduct an investigative sting designed to catch local people who would come to prearranged meeting places to have sex with persons whom they thought were underage girls or boys. Having engaged in Internet chats with individuals they thought were minors, these people would travel to a house rented by the television station and were caught on camera when they came to the door. "Trialkc" explained to "lisa," who feigned ignorance of the project, that this was "where underaged girls are inviting guys over. Then they get filmed or arrested." "Trialkc" then added, "Some folks, including the law, aren't too keen on older men being with underaged girls. That clear enough?…So they set up the older guys that would do that. Im' [sic] talking about sex with underaged girls."

to which "lisa" responded that she was "thinking it would be cool." "Trialkc" obtained "lisa's" address and indicated that he would meet her at her apartment complex in 20 minutes. After the chat ended, Detective Stephens accessed "trialkc's" Yahoo! Profile to learn his identity. While the profile was not complete, it did contain a picture of a male wearing a blue shirt in an office setting.

Detective Stephens and a colleague went to the undercover apartment to wait for "trialkc" to arrive. Detective Stephens observed a white BMW drive in the south entrance of the apartment complex parking lot that "lisa" had identified during the chat. As the vehicle drove past, Detective Stephens identified the driver as "trialkc" from the Yahoo! profile photograph. Detective Stephens observed the driver's shirt and noticed it looked like the shirt worn by "trialkc" in the profile photograph. After spotting the detectives, the driver sped away before he could be confronted.

By checking Yahoo! records, Stephens traced the Internet protocol address of "trialkc" to computers owned by the Kansas City Firm of Stueve Helder Siegel, LLC. Jan Helder was listed as the "Tech Administrator." Detective Stephens matched the driver's license photograph of Helder and the photograph of "trialkc" depicted in the Yahoo! profile.

Detective Stephens, with the assistance of the FBI, obtained and executed a federal search warrant for Helder's law office computer. Helder was not present when the search warrant was executed at his office. Detective Stephens and Special Agent Brian Stone later interviewed Helder at his home. During the interview, Helder admitted that what he did was wrong. He said he would never do it again. He said he believed it was an online sting that was close to entrapment. He said he just traveled to the meeting place "out of curiosity" to see if there were television cameras. He admitted using Yahoo! to chat with the apparent minor. He admitted removing his photograph from his profile following his trip to the apartment. He said he never intended to have sex with a minor. A computer forensic analysis of Helder's desktop

computer revealed that he had used MapQuest.com to search for "lisa"'s address and had accessed her Yahoo! profile.

Federal authorities charged Helder with violating 18 U.S.C. § 2422(b). Helder pleaded not guilty, and the matter proceeded to trial. At the conclusion of the government's evidence presentation, Helder moved for judgment of acquittal, arguing that the government's case failed for "legal impossibility" because § 2422(b) requires that the targeted victim be an actual minor. The district court denied Helder's motion, but it encouraged Helder to renew the motion at the close of the case. Helder chose not to produce any evidence and renewed his motion for judgment of acquittal. After taking the motion under advisement, the district court submitted the case to the jury.

The jury found Helder guilty of violating § 2422(b). After discharging the jury, the district court set aside the jury's guilty verdict and then granted Helder's motion for judgment of acquittal at the close of all the evidence. The district court held that the plain reading of the statute requires the government to prove that the individual involved in the communication was under the age of 18.

## II. *Discussion*

The government's sole argument is that 18 U.S.C. § 2422(b) does not require that the intended victim be an actual minor and that the district court therefore erred when it granted Helder's motion for judgment of acquittal. The government asserts Helder violated the Act because he believed he was communicating with a minor and thus made an attempt to entice a minor into engaging in unlawful sexual activity. We review de novo the district court's grant or denial of a motion for judgment of acquittal. *United States v. Harris*, 352 F.3d 362, 365 (8th Cir. 2003).

Section 2422(b) provides:

> Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 5 years and not more than 30 years.

18 U.S.C. § 2422(b).

Our circuit has not previously decided whether an attempt to entice a minor to engage in illegal sexual activity requires that the intended victim be an actual minor. However, prior similar cases do offer some guidance.

First, we have upheld attempt convictions under 18 U.S.C. § 2422(b) where the enticed "minor" was actually an undercover police officer. *United States v. Patten*, 397 F.3d 1100, 1103–04 (8th Cir. 2005) (rejecting the defendant's insufficiency of the evidence argument based on the government's failure to prove that he intended to engage in sexual activity with a minor because "the intent that violates § 2422(b) is the intent to persuade a minor to engage in illegal sexual activity"); *United States v. Naiden*, 424 F.3d 718, 723 (8th Cir. 2005) (holding that any error in the district court's exclusion of testimony that the defendant told a friend that he did not believe the person he had met online was really 14 years old did not affect the defendant's substantial rights because overwhelming evidence existed establishing the defendant's belief that "Stephanie," who was actually an undercover officer, was a minor); *United States v. Dickson*, 149 Fed. Appx. 543, 544 (8th Cir. 2005) (unpublished) (holding that ample evidence existed that the defendant believed "Katie" was a 15-year-old girl, and that he took substantial steps toward persuading the minor to engage in unlawful sexual activity, even though "Katie" was actually an undercover officer).

Second, under plain error review, we rejected a defendant's argument that the evidence was insufficient to convict him of attempting to entice a minor because an undercover officer actually posed as the minor. *United States v. Blazek*, 431 F.3d 1104, 1107 (8th Cir. 2005). The defendant in *Blazek* based his argument on the district court's decision in this case. *Id.* (citing *United States v. Helder*, No. 05-00125-01-Cr. (W.D. Mo. Aug. 5, 2005)). We noted that "[t]he decision in *Helder* is inconsistent with, and did not cite, our decision in *United States v. Patten*, that upheld an attempt conviction under 18 U.S.C. § 2422(b) in which the enticed 'minor' was an undercover police officer." *Id.* Furthermore, we stated that while "this issue was not raised or discussed in *Patten*, it was raised and squarely rejected in" three other circuits. *Id.* (citing *United States v. Meek*, 366 F.3d 705, 717–20 (9th Cir. 2004); *United States v. Root*, 296 F.3d 1222, 1227–28 (11th Cir. 2002); *United States v. Farner*, 251 F.3d 510 (5th Cir. 2001)). In holding that "the law at the time of trial was *not* settled in this circuit" as to whether a conviction for attempting to entice a minor to engage in sexual activity requires the targeted victim to be an actual minor, we stated that "even if this court should ultimately affirm the district court's decision in *Helder*, thereby creating a conflict with at least three other circuits, the error is not plain at this time. Therefore, the evidence was sufficient to convict [the defendant] of attempted enticement of a minor." *Id.* at 1108 (emphasis in original).

Also, in *Blazek*, the appellant argued that the district court erred when it increased his offense level and criminal history category under U.S.S.G. § 4B1.5(a)[4]. The appellant asserted that because the enhancement only applies to sex crimes involving "minors," and the undercover officer was, under the application notes to the Guidelines, a "minor victim," not a "minor," the enhancement should not apply. *Id.* at 1109–10. We rejected the defendant's argument, stating, "As explained in Part I of this

_____

[4]A sentence may be enhanced under § 4B1.5(a) when "the defendant's instant offense of conviction is a covered sex crime, § 4B1.1 (Career Offender) does not apply, and the defendant committed the instant offense of conviction subsequent to sustaining at least one sex offense conviction [.]"

-6-

opinion, this court in *Patten* and at least three other circuits have upheld convictions for attempted enticement under 18 U.S.C. § 2422(b) even though the intended victim was in fact an undercover police officer, because the defendant believed the victim to be a minor." *Id*. at 1110.

We also find the reasoning of other circuits that have addressed this issue persuasive. First, the Fifth Circuit rejected a defendant's argument that it was legally impossible for him to attempt to entice a minor to engage in unlawful sexual activity because the alleged "minor" was actually an undercover FBI agent. *Farner*, 251 F.3d at 512. The court viewed the case as one of factual impossibility "because the defendant unquestionably intended to engage in the conduct proscribed by law but failed to only because of the circumstances unknown to him." *Id*. at 512–13 (explaining that factual impossibility is not a defense to the crime if the defendant could have committed the crime had the attendant circumstances been as the actor believed them to be, while legal impossibility is where the defendant's actions, even if carried out, do not constitute a crime). In addition, the court identified two elements that the government must prove in criminal attempt cases:

> [F]irst,[the government must prove] that the defendant acted with the kind of culpability otherwise required for the commission of the underlying substantive offense, and, second, that the defendant had engaged in conduct which constitutes a substantial step toward the commission of the crime. The substantial step must be conduct which strongly corroborates the firmness of defendant's criminal attempt.

*Id*. at 513. The court held that the evidence showed that the defendant "intended to engage in sexual acts with a 14-year-old girl and that he took substantial steps toward committing the crime" because the defendant's scheme, "if fully carried out as he 'desired' or 'planned,' was not to engage in sexual relations with an adult FBI officer," but to entice a minor female. *Id*.

-7-

Second, the Eleventh Circuit held that existence of an actual minor victim is not required to convict a defendant of attempting to persuade a minor to engage in criminal activity under § 2422(b). *Root*, 296 F.3d at 1227. The court first found that the plain language of § 2422(b) criminalizes the attempt conduct because the statute states that a person can be charged with the criminal offense if he "attempts to" knowingly persuade, induce, entice, or coerce a minor to engage in unlawful sexual activity. *Id*. Thus, "[t]he fact that [the defendant's] crime has not ripened into a completed offense is no obstacle to an attempt conviction. [The defendant's] belief that a minor was involved is sufficient to sustain an attempt conviction under 18 U.S.C. § 2422(b)." *Id*.

Third, the Ninth Circuit also "join[ed] [its] sister circuits in concluding that 'an actual minor victim is not required for an attempt conviction under 18 U.S.C. § 2422(b).'" *Meek*, 366 F.3d at 717–18 (citing *Root*, 296 F.3d at 1227; *Farner*, 251 F.3d at 513; *United States v. Bailey*, 228 F.3d 637, 639 (6th Cir. 2000) (holding that the attempt provision of § 2422(b) is constitutional because the restriction does not run afoul of constitutionally protected rights)).[5] Looking to the plain language of the statute, the court identified four elements of criminal liability:

> [A] person must "knowingly" (1) actually or attempt to (2) persuade, induce, entice, or coerce (3) a person under 18 years of age (4) to engage in sexual activity that would constitute a criminal offense. Following [the] canons of statutory interpretation, it is apparent that the term "knowingly" refers both to the verbs—"persuades, induces, entices, or

---

[5]The Sixth Circuit, in an unpublished opinion, also rejected a defendant's argument that "both the minor age of the victim and a sexual act are elements of the charged offense" under § 2422(b). *United States v. Fuller*, 77 Fed. Appx. 371, 378 (6th Cir. 2003) (unpublished). The court held that a defendant may be charged with attempting to violate the statute "even though he is mistaken as to the true age of the person with whom he admittedly communicated." *Id*.

coerces"—as well as to the object—"a person who has not achieved the age of 18 years."

*Id*. at 718. The mens rea requirement of "knowledge" refers to the defendant's subjective intent—"it is what is in the mind of the defendant." *Id*. Therefore, the court concluded that a jury could "reasonably infer that [the defendant] knowingly sought sexual activity, and knowingly sought it with a minor. That he was mistaken in his knowledge is irrelevant." *Id*.

The court also found that attempted enticement of a minor is "no different than an attempted solicitation of prostitution, where the criminal conduct is the knowing effort to solicit an individual for prostitution." *Id*. at 718–19. Just because the alleged prostitute turns out to be an undercover police officer "does not vitiate" the defendant's criminal conduct. *Id*. at 719.

Finally, the Tenth Circuit rejected a defendant's impossibility defense to his conviction under § 2422(b) where the "minor" was actually the fictitious persona of an undercover law enforcement agent. *United States v. Sims*, 428 F.3d 945, 959 (10th Cir. 2005). The court held that "factual impossibility is generally not a defense to criminal attempt because success is not an essential element of attempt crimes." *Id*. at 959–60 (internal quotations and citation omitted). The court "agree[d] with [its] sister circuits that this general rule applies to the case at bar—that is, it is not a defense to an offense involving enticement and exploitation of minors that the defendant falsely believed a minor to be involved." *Id*. (citing *Root*, 296 F.3d at 1227; *Farner*, 251 F.3d at 512–13; *Meek*, 366 F.3d at 717).

Based on our sister circuits' thorough analysis of the plain meaning of the statute, as well as our holdings in *Patten*, *Naiden*, *Dickson*, and *Blazek*, we hold that an actual minor victim is not required for an attempt conviction under § 2422(b).

### III. *Conclusion*

Accordingly, we reverse the order of the district court granting Helder's motion for judgment of acquittal and remand the case to the district court for sentencing.

_____