# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3670

_____

United States of America,             *
                                 *

          Appellant,         *
                                 *

     v.                    *   Appeal from the United States
                                 *   District Court for the

Billy G. Hicks, aka Lksmillbrst,  *   Western District of Missouri.
                                 *

          Appellee.         *

_____

Submitted: March 16, 2006
Filed: August 10, 2006

_____

Before ARNOLD and SMITH, Circuit Judges, and MAGNUSON,[1] District Judge.

_____

SMITH, Circuit Judge.

A grand jury indicted Billy G. Hicks, Jr. for crimes relating to his alleged attempt to engage in sexual activity with a minor. Hicks unknowingly communicated with adult members of a task force run by the Federal Bureau of Investigation who posed as "Amber," a thirteen-year-old female in Kansas City, Missouri. Because no actual minor was involved, the district court dismissed the indictment. We reverse.

_____

[1]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota, sitting by designation.

## I. *Background*

According to the facts alleged in the indictment, Hicks initiated communication with the law enforcement task force members over the Internet, believing that he was communicating with a thirteen-year-old named "Amber." During the course of the conversation, Hicks stated that he wanted to have sexual contact, including vaginal intercourse, with a minor female and that he was willing to travel to Kansas City from his Jacksonville, Florida residence to do so. Hicks stated that he was using a computer at his home and sent an email with a picture of himself.

In a subsequent telephone conversation with a law enforcement agent posing as the thirteen-year-old female, Hicks reiterated his desire to have sex with the minor and his willingness to travel to Kansas City for that purpose. Hicks then sent the undercover agents an airline itinerary for a flight from Jacksonville to Kansas City. Upon Hicks's arrival in Kansas City, law enforcement officers placed him under arrest.

The indictment charged Hicks with (1) knowingly using a facility of interstate commerce to attempt to persuade, induce, and entice an individual under the age of eighteen to engage in unlawful sexual activity,[2] in violation of 18 U.S.C. § 2422(b); and (2) traveling in interstate commerce for the purpose of attempting to engage in illicit sexual conduct with another person, in violation of 18 U.S.C. § 2423(b).[3]

---

[2]The indictment alleged that Hicks attempted to engage in criminal sexual activity with "Amber" pursuant to Mo. Ann. Stat. §§ 566.032 (first-degree statutory rape); 566.034 (second-degree statutory rape); 566.062 (second-degree statutory sodomy). Each of the three crimes is defined as a felony. *Id.*

[3]The indictment also charged Hicks with criminal forfeiture of property used to commit or to promote the commission of such offenses pursuant to 18 U.S.C. § 2253. However, the forfeiture issues are not relevant to the outcome of this appeal.

Hicks moved to dismiss the indictment because there was actually no person under eighteen years of age involved. The district court granted the motion, citing its earlier decision in *United States v. Helder*, which we recently reversed. 452 F.3d 751, (8th Cir. 2006). The government appeals, and we reverse.

II. *Discussion*

We review de novo the sufficiency of an indictment. *United States v. Dolan*, 120 F.3d 856, 864 (8th Cir. 1997). Initially, we address the dismissal of the portion of the indictment alleging a violation of § 2422(b). Section 2422(b) provides:

> Whoever, using the mail or any facility or means of interstate or foreign commerce, . . . knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 5 years and not more than 30 years.

A defendant may be convicted of an attempt to violate § 2422(b) if he or she attempts, by use of the Internet, to engage in criminal sexual activity with a person under the age of eighteen. *Helder*, 452 F.3d at 756.

In *Helder*, a jury convicted the defendant of attempting to entice a minor to engage in sexual activity using a facility of interstate commerce, the Internet, in violation of § 2422(b). *Id*. at 753. The district court granted the defendant's motion to dismiss because there was no actual minor involved. *Id*. The government appealed, arguing that the defendant violated § 2422(b) because he believed that he was communicating with a minor and thereby attempted to entice a minor to engage in unlawful sexual activity, in violation of § 2422(b). *Id*. We reversed, holding that § 2422(b) does not require the intended victim to be an actual minor. *Id*. at 756. We noted that our holding comported with the decisions of other circuits on the same issue. *Id*. at 754, 756 (citing *United States v. Meek*, 366 F.3d 705, 717–20 (9th Cir.

2004); *United States v. Root*, 296 F.3d 1222, 1227–28 (11th Cir. 2002); *United States v. Farner*, 251 F.3d 510 (5th Cir. 2001); *United States v. Sims*, 428 F.3d 945, 959 (10th Cir. 2005)).

With regard to the § 2422(b) charge against Hicks, *Helder* obviously controls and requires reversal because a defendant may be convicted of attempting to violate § 2422(b) even if the attempt is made towards someone the defendant believes is a minor but who is actually not a minor. 452 F.3d at 756.

We now turn to whether a conviction under § 2423(b) requires an actual minor. The statute reads as follows:

> **Travel with intent to engage in illicit sexual conduct.--**A person who travels in interstate commerce . . . for the purpose of engaging in any illicit sexual conduct with another person shall be fined under this title or imprisoned not more than 30 years, or both.

18 U.S.C. § 2423(b). Section 2423(b) makes no mention of age. Instead, it proscribes travel with the purpose of engaging in "illicit sexual conduct." Hicks traveled in interstate commerce with the alleged purpose of engaging in sexual intercourse with a thirteen-year-old female, which obviously would be "illicit sexual conduct." *See* § 2422(b); Mo. Ann. Stat. § 566.032 ("A person commits statutory rape in the first degree if he has sexual intercourse with another person who is less than fourteen years old. Statutory rape in the first degree is a felony for which the authorized term of imprisonment is life imprisonment or a term of years not less than five years . . . .").

We hold that a defendant may be convicted of violating § 2423(b) if he or she travels in interstate commerce with the purpose of engaging in criminal sexual conduct with a person believed to be a minor regardless of whether such person is actually a minor. Other courts considering this issue have reached the same conclusion. *E.g., Root*, 296 F.3d at 1231–32 (noting that a conviction under § 2423(b)

"turns simply on the illegal purpose for which [the defendant] traveled"); *see also United States v. Vail*, 101 Fed. Appx. 190, 192 (9th Cir. 2004) (unpublished) (holding that the conclusion in *Meek* that § 2422(b) does not require an actual minor "appl[ies] with equal force to [the defendant's] challenge to his conviction under §2423(b)"). The district court erred by dismissing the indictment with regard to the alleged violation of § 2423(b).

### III. *Conclusion*

We reverse the district court's dismissal of the indictment, and we remand the case for proceedings consistent with this opinion.

_____