# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-4206

_____

United States of America,　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　　　Appellee,　　　　　　*
　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　　v.　　　　　　　　　　　　*　District Court for the
　　　　　　　　　　　　　　　　　*　Eastern District of Missouri.
Scott B. Worley,　　　　　　　　　*
　　　　　　　　　　　　　　　　　*　　　　[UNPUBLISHED]
　　　　　　　Appellant.　　　　　　*

_____

Submitted: February 16, 2007
Filed:  February 26, 2007

_____

Before WOLLMAN, BYE, and SMITH, Circuit Judges.

_____

PER CURIAM.

Scott B. Worley was charged, *inter alia*, with "knowingly attempt[ing] to employ, use, persuade, induce, entice, and coerce a person he believed to be a minor, Jess, to engage in sexually explicit conduct, specifically: sexual intercourse, and said sexually explicit conduct was for the purpose of producing a visual depiction of such conduct . . . " in violation of 18 U.S.C. § 2251(a). Worley moved for dismissal of the charge based on legal impossibility, arguing that the alleged 11-year-old girl "Jess"

did not exist. The district court[1] denied Worley's motion to dismiss, and Worley appeals. We affirm.

The issue presented in this appeal is whether an actual minor victim is required for an attempt conviction under 18 U.S.C. § 2251(a). We previously addressed this same question under 18 U.S.C. § 2422(b) in *United States v. Helder*, 452 F.3d 751 (8th Cir. 2006). In *Helder*, the defendant was charged with "knowingly persuad[ing], induc[ing], entic[ing], or coerc[ing] [a minor] to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempt[ing] to do so . . . ." *Id.* at 753. We held, "[b]ased on our sister circuits' thorough analysis of the plain meaning of the statute," as well as our prior holdings, "that an actual minor victim is not required for an attempt conviction under § 2422(b)." *Id.* at 756.

Because we see no valid basis for differentiating between § 2422(b) and § 2251(a), as the plain language of both statutes criminalizes an "attempt" to entice a minor, we hold that an actual minor victim is not required for an attempt conviction under 18 U.S.C. § 2251(a). Therefore, we affirm the district court's denial of Worley's motion to dismiss.

———————————————

[1]The Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri.