# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1970

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Vincent Lawrence Bauer, Jr., | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: April 15, 2010
Filed: December 2, 2010

_____

Before RILEY, Chief Judge, COLLOTON, and BENTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Vincent Lawrence Bauer, Jr. pled guilty to one count of attempted receipt of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1). The district court[1] accepted Bauer's guilty plea, and sentenced him to 135 months' imprisonment. Bauer contends on appeal that the factual basis for his guilty plea was inadequate. He also argues that the district court committed procedural error in calculating his advisory guideline sentencing range, that he was denied effective

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

assistance of counsel, and that his sentence was substantively unreasonable. We affirm.

I.

Over a period of several weeks in November and December 2006, Bauer engaged in at least seventeen separate online conversations with an undercover law enforcement officer who was posing as a fourteen-year-old girl. Bauer, who was fifty-two at the time, represented that he was forty years old. In each conversation, Bauer initiated a discussion of sexual topics, and often provided graphic descriptions of sexual acts that he wished to perform on the would-be minor.

During an online conversation on November 18, 2006, Bauer offered to buy the would-be minor a web camera so that she could record and transmit to him sexually explicit images of herself. A few days later, Bauer asked the "girl" for her mailing address so that he could send her money to purchase the camera. On December 12, 2006, Bauer informed the would-be minor during another online conversation that he was sending funds for the web camera, and specified certain sexual acts he wanted recorded. That same day, Bauer mailed twenty-five dollars in cash to the address provided by the undercover officer.

Bauer was eventually arrested, and in August 2008, a grand jury charged him with one count of attempted receipt of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1). In October 2008, Bauer pled guilty pursuant to a written plea agreement. As part of the agreement, the parties agreed to leave open the application of the advisory sentencing guidelines. Bauer acknowledged with his initials a provision that stated the government's intention to seek application of the cross reference provision in USSG § 2G2.2(c)(1). The cross-reference states that if the defendant's offense involved causing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, then the

court should apply USSG § 2G1.1, involving sexual exploitation of a minor, if the resulting offense level is greater than what would apply under § 2G2.2, which governs trafficking in material involving sexual exploitation of a minor.

At sentencing, the district court determined that the government met its burden to show that the cross-reference in § 2G2.2(c)(1) applied. Accordingly, the court calculated a base offense level of 32 pursuant to § 2G2.1(a). After applying three adjustments, the court arrived at a total offense level of 33. With Bauer's criminal history category I, the offense level resulted in an advisory sentencing range of 135 to 168 months' imprisonment. The district court sentenced Bauer to 135 months' imprisonment.

## II.

Bauer first argues that the factual basis for his guilty plea was inadequate under Federal Rule of Criminal Procedure 11(b)(3). He did not object in the district court to the adequacy of the factual basis, so we review his contention only for plain error. *United States v. Frook*, 616 F.3d 773, 775-76 (8th Cir. 2010).

Bauer contends that the factual basis for his plea was inadequate because the record failed to establish two material elements of the charged offense. First, Bauer asserts that because he never communicated with an *actual* minor, he could not possibly have attempted to "knowingly receive[] or distribute[] any child pornography," as required under 18 U.S.C. § 2252A(a)(2)(A). Second, Bauer claims that his mailing of twenty-five dollars to the undercover officer was "mere preparation," and not a "substantial step" toward commission of an offense, as necessary to be convicted of an attempt.

Bauer's first contention is one of factual impossibility. *See United States v. Sobrilski*, 127 F.3d 669, 674 (8th Cir. 1997). By his own stipulation, Bauer intended

to receive child pornography, but failed only because of circumstances unknown to him. Factual impossibility, however, generally is not a defense to an inchoate offense such as attempt, because a defendant's success in attaining his criminal objective is not necessary for an attempt conviction. *See United States v. Helder*, 452 F.3d 751, 756 (8th Cir. 2006); *United States v. Joiner*, 418 F.3d 863, 869 (8th Cir. 2005).

In *Helder*, for example, we concluded that factual impossibility was not a defense under 18 U.S.C. § 2422(b), which makes it a crime to "knowingly . . . induce[] [a minor] to engage in prostitution or any sexual activity." 452 F.3d at 756. Because the *mens rea* requirement of "knowledge" in that statute refers to a defendant's subjective intent, a defendant's factual mistake about whether a minor actually existed is irrelevant as to whether he knowingly sought sexual activity with a minor. *Id.* at 755; *accord United States v. Pierson*, 544 F.3d 933, 938-39 (8th Cir. 2008). An unpublished decision applied the same rationale to reject the defense of factual impossibility to the charge of attempted production of child pornography under 18 U.S.C. § 2251(a). *United States v. Worley*, 217 Fed. App'x 580, 581 (8th Cir. 2007) (per curiam).

We see no reason why a different result should obtain under the "knowingly" language of § 2252A, which parallels the relevant text of § 2422(b). The stipulated facts demonstrate that Bauer believed that he was communicating with a fourteen-year-old girl and intended to receive pornographic images of her. Bauer's undisputed belief that his victim was a minor satisfies the "knowingly" requirement of the statute. His conduct, if completed in accordance with his understanding of the facts, would have resulted in the receipt of child pornography. *See United States v. Johnson*, 376 F.3d 689, 694 (7th Cir. 2004). Accordingly, no actual minor victim was necessary for Bauer's attempt conviction under § 2252A.

Bauer's claim that he took no substantial step towards receiving child pornography is also unavailing. A substantial step is necessary for an attempt

-4-

conviction, *see United States v. Spurlock*, 495 F.3d 1011, 1014 (8th Cir. 2007), and although a substantial step must go beyond "mere preparation," it need not be the "last act necessary" before the commission of the crime. *United States v. Mims*, 812 F.2d 1068, 1077 (8th Cir. 1987). Rather, a substantial step must "strongly corroborate" a defendant's intent to commit the predicate offense. *United States v. DeMarce*, 564 F.3d 989, 998 (8th Cir. 2009).

Bauer's conduct strongly corroborated his intent to receive child pornography, and therefore constituted the substantial step required for conviction under § 2252A. Bauer admitted that he offered to purchase the would-be minor a web camera and requested that she record herself performing sexually explicit acts and transmit the pornographic images to him. Bauer also asked the would-be minor for her mailing address, informed her that he was sending funds to purchase the web camera, and indeed mailed twenty-five dollars to the address provided. This court has held a nearly identical course of conduct to be sufficient to uphold an attempt conviction under 18 U.S.C. § 2251(a). *See Pierson*, 544 F.3d at 938. The district court did not commit plain error in determining that the factual basis for Bauer's guilty plea was adequate.

III.

Bauer also raises three issues related to the sentence imposed by the district court. He first argues that the district court committed procedural error by applying the cross reference in USSG § 2G2.2(c)(1). Bauer claims that because he did not produce any prohibited images and merely wished that another party independently would produce those images, the cross reference is inapplicable. We review the district court's application of the sentencing guidelines to the facts of this case *de novo*. *See United States v. Blankenship*, 552 F.3d 703, 704 (8th Cir. 2009).

Typically, a conviction for attempted receipt of child pornography under 18 U.S.C. §§ 2252A(a) and (b) results in the application of USSG § 2G2.2. *See* USSG App. A. Section 2G2.2 calls for a base offense level of as high as 22, *id.* § 2G2.2(a)(2), but § 2G2.2(c)(1) contains a cross reference. This provision directs the sentencing court to apply USSG § 2G2.1 if the offense for which the defendant was convicted involved "offering or seeking by notice or advertisement, a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct," and the resulting offense level would be greater. *Id.* § 2G2.2(c)(1). Application of the cross reference results in a base offense level of 32. *See id.* § 2G2.1(a). This increase reflects "the common sense notion" that a defendant who produces or attempts to produce the child pornography that he receives or attempts to receive is "more culpable and more dangerous" than one who simply receives or attempts to receive pornography produced by others. *United States v. Dawn*, 129 F.3d 878, 884 (7th Cir. 1997).

The commentary following § 2G2.2 clarifies that the cross reference is "to be construed *broadly* and includes *all* instances where the offense involved . . . *offering* or *seeking* . . . a minor to engage in sexually explicit conduct . . . ." USSG § 2G2.2, comment. (n.5) (emphasis added). This scope of conduct encompassed by the cross reference, therefore, "is not only the actual production of child pornography, but the active solicitation for the production of such images." *United States v. Garcia*, 411 F.3d 1173, 1179 (10th Cir. 2005).

In view of this binding commentary, the district court correctly applied § 2G2.2(c)(1) to Bauer's conduct. He offered to purchase a would-be minor a web camera on the condition that she take pictures of her genitals at his request, and he sought that she use the camera to record herself masturbating. He then provided funds to purchase equipment that would enable the production of the images he sought. Bauer's actions establish that he was actively "*offering* or *seeking* . . . a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of

such conduct," as required for application of the cross reference. USSG § 2G2.2(c)(1) (emphasis added). That Bauer's actions were one step removed from the actual production of images does not prevent application of the cross reference. It is sufficient that Bauer attempted to cause the production of images even though he would not personally operate the recording equipment. *See Garcia*, 411 F.3d at 1179.

Bauer next contends that he was denied effective assistance of counsel in violation of the Sixth Amendment, because his trial counsel allegedly failed to inform him of what he now concedes is an "obvious application" of the cross reference to his case. Bauer admits that he was advised of the cross reference, but claims that he never would have pled guilty if had he known it was likely to apply. Because there is no record developed concerning the performance of counsel, we decline to entertain this contention on direct appeal. Any claim alleging ineffective assistance of counsel should be raised in a collateral proceeding under 28 U.S.C. § 2255. *See United States v. Ramon-Rodriguez*, 492 F.3d 930, 941-42 (8th Cir. 2007).

Finally, Bauer contends that his 135-month sentence is substantively unreasonable with regard to 18 U.S.C. § 3553(a). He argues that the district court failed to consider "the nature and circumstances of the offense" and his "history and characteristics" when it denied his request for a downward variance from the advisory guideline range. *See* 18 U.S.C. § 3553(a)(1). Bauer notes that he has no prior criminal convictions, is responsible for raising two minor children, was fifty-five years old at the time of sentencing, and never received any actual child pornography. In light of these facts, he asserts that his sentence was greater than necessary to achieve the purposes of sentencing. *See id.* § 3553(a).

We review the substantive reasonableness of a sentence under a "deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007); *see United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). Where, as here, the sentence imposed is within the advisory guideline range, we accord it a

presumption of reasonableness. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Bates*, 584 F.3d 1105, 1110 (8th Cir. 2009).

Our review of the record persuades us that the district court thoroughly considered the relevant factors set forth in § 3553(a) and reached a substantively reasonable conclusion. The court recognized that Bauer's care for his dependant daughters was "admirable," but found that Bauer's children would "have tremendous family support" during his prison term, and stressed Bauer's need for treatment (both for sex offenses and substance abuse) during incarceration to protect his daughters from potential future harm. The district court read "every word" of the pre-sentence investigation report, and was therefore aware that Bauer had no prior convictions. The court also considered Bauer's age, but remarked that sex offenders in need of treatment "come in all age ranges." Finally, the court specifically addressed Bauer's request for a downward variance, but determined that a more favorable sentence was not appropriate given the dangerous nature of his offense conduct. Considering the record as a whole, the district court permissibly exercised its discretion to select a sentence at the bottom of the advisory guideline range.

For these reasons, the judgment of the district court is affirmed.

_____