# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2937

_____

United States of America,         *

            *

         Appellee,      *

            *   Appeal from the United States

     v.             *   District Court for the

            *   Eastern District of Arkansas.

Albert Snow,            *

            *   [UNPUBLISHED]

         Appellant.     *

_____

Submitted: October 26, 2009
Filed: December 14, 2009

_____

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

A jury found Albert Snow guilty of using a means of interstate commerce (the internet) to attempt to entice a minor to engage in sexual activity for which he could be criminally charged, in violation of 18 U.S.C. § 2422(b). The district court[1] sentenced him to 120 months in prison and 10 years of supervised release. On appeal, Snow challenges the sufficiency of the evidence to support his conviction, arguing the government did not prove beyond a reasonable doubt either that he intended to have sexual contact with a minor or that he was not entrapped.

_____

[1]The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas.

We review the sufficiency of the evidence de novo, viewing the evidence in the light most favorable to the jury's verdict. See United States v. Myers, 575 F.3d 801, 808 (8th Cir. 2009). We hold that the evidence was sufficient to find Snow guilty. The government introduced at trial evidence of nine online conversations between Snow and an undercover police officer posing as a 15-year-old girl. All nine conversations were initiated by Snow, and the transcripts showed that Snow was the first to bring up the possibility of a physical meeting (and did so on several occasions), was the first to bring up the topic of sex, discussed sexual acts in detail, and arranged to meet the girl while her mother was not home. The evidence further showed that Snow drove to the apartment and knocked on the door. See United States v. Blazek, 431 F.3d 1104, 1106-07 (8th Cir. 2005) (reasonable jury could find that defendant intended to entice minor to engage in illegal sex where he began internet relationship and engaged in explicit sexual conversations with undercover police officer posing as 15-year-old boy, and traveled from Iowa to Chicago to meet boy at restaurant); United States v. Patten, 397 F.3d 1100, 1102-03 (8th Cir. 2005) (jury could reasonably infer from defendant's online conversation and travel to meet minor that he intended to persuade minor to engage in sexual activity); see also Myers, 575 F.3d at 805-08 (defendant was entrapped only if evidence clearly shows that government agent developed criminal plan and defendant was not predisposed to commit crime independent of government's activities; inducement is government conduct that creates substantial risk that otherwise law-abiding person will commit criminal offense; when defendant responds immediately and enthusiastically to first opportunity to commit crime, without any period of government prodding, criminal disposition is readily apparent).

Accordingly, we affirm.

_____