# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3049

_____

United States of America,                          *
                                                   *
          Plaintiff - Appellee,                  *
                                                   *     On Appeal from the United
   v.                                          *     States District Court for the
                                                   *     Northern District of Iowa
William Junior Rock,                               *
                                                   *     [UNPUBLISHED]
          Defendant - Appellant.                 *

_____

Submitted: February 14, 2011
Filed: March 11, 2011

_____

Before SMITH, GRUENDER, and BENTON, Circuit Judges.

_____

PER CURIAM.

After a jury trial in district court,[1] William Junior Rock was convicted of failure to register as a sex offender, in violation of 18 U.S.C. § 2250(a). He appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

On June 16, 2009, Rock updated his sex-offender registration in South Dakota to reflect his new address in Sioux Falls. He signed the registration form that stated in bold above his signature:

_____

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

CHANGE OF ADDRESS REQUIRES IN PERSON WRITTEN NOTIFICATION TO PROPER LAW ENFORCEMENT AGENCIES WITHIN <u>FIVE (5) DAYS</u> OF RELOCATION, INCLUDING MOVES OUT OF STATE.

Seeking work, Rock traveled to Sioux City, Iowa, around July 14. He was arrested for failure to register on July 28.

At trial, the government called as a witness the resident-program director at the Sioux City Gospel Mission. The director testified that Rock stayed at the Mission on the nights of July 16, 17, 18, 19, and 21, and kept personal property at the Mission during those days. On July 22, the director told him that because he was a sex offender, he could no longer stay at the Mission. Rock continued to take meals there between July 22 and his July 28 arrest (in Iowa) for failure to register. The government also introduced Rock's testimony from his state trial for failure to register, where he testified that, when booked, he gave the Mission's address as his own, which was "the only place that I could think of." Shortly after his arrest, mail addressed to Rock began arriving at the Mission.

At the close of the government's case, Rock moved for a judgment of acquittal. The district court denied the motion, submitting the case to the jury. Rock requested a jury instruction that required the government to prove that "between about June 16, 2009, and about July 28, 2009, defendant Rock knowingly failed to update his registration as a sex offender within three business days of establishing his residence in Iowa." The court refused, instead instructing the jury that "between about June 16, 2009, and about July 28, 2009, defendant Rock knowingly failed to register as a sex offender residing in Iowa as required by federal law." *See* the appendix to this opinion for the district court's instruction.

After the jury found him guilty, Rock renewed his motion for judgment of acquittal, simultaneously moving for a new trial. The district court denied the motions. Rock claims that the district court erred in denying his motions for judgment of acquittal and for a new trial, and erred in instructing the jury on the elements of failure to register.

This court reviews de novo the denial of Rock's motions for judgment of acquittal, and "will affirm if, 'after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. El Herman*, 583 F.3d 576, 579 (8th Cir. 2009), *quoting Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The jury heard evidence that Rock was aware of his duty to register under South Dakota law, sought work in Iowa, spent several nights and kept property at the Sioux City Gospel Mission (until he was told to leave), gave the Mission's address as his own because it was the "only place" that came to mind, and received mail there after his arrest. A rational trier of fact could conclude that Rock resided in Sioux City for at least three business days without updating his registration.

This court reviews a district court's jury instructions for abuse of discretion, and will affirm "if the entire charge to the jury, when read as a whole, fairly and adequately contains the law applicable to the case." *United States v. Blazek*, 431 F.3d 1104, 1109 (8th Cir. 2005), *cert. denied*, 547 U.S. 1082 (2006). Rock argues that the court abused its discretion by "not including a knowledge of the requirement to register within three days as an element of the instructions." To the contrary, "18 U.S.C. § 2250(a) does not require proof of specific intent to violate the law. The term 'knowingly' 'merely requires proof of knowledge of the facts that constitute the offense.'" *United States v. Voice*, 622 F.3d 870, 876 (8th Cir. 2010), *quoting Bryan v. United States*, 524 U.S. 184, 193 (1998) (additional citation omitted), *cert. denied*, ___ U.S. ___, 131 S. Ct. 1058 (2011). The district court's instruction on the elements

of § 2250(a) is consistent with those approved in the *Voice* case. *See id.* The district court did not abuse its discretion in its jury instructions.

\* \* \* \* \* \* \*

The judgment of the district court is affirmed.

## Appendix

The Indictment charges defendant Rock with "failure to register as a sex offender." For you to find the defendant guilty of this offense, the prosecution must prove beyond a reasonable doubt all of the following essential elements against him:

\* \* \* \*

*Three*, between about June 16, 2009, and about July 28, 2009, defendant Rock knowingly failed to register as a sex offender residing in Iowa as required by federal law.

Federal law requires that, not later than 3 business days after each change of residence, a sex offender must appear in person in at least one state where he resides, and update all changes in the information required for that offender in the sex offender registry.

A person "resides" at the location of the person's home or other place where the person habitually lives, even if the person has no home or fixed address in that state or no home anywhere. Places where a person "habitually lives" include places in which that person lives with some regularity, not just the place that the person calls his home address or place of residence. A person may reside in more than one place and must include in his registration each place where he resides. A "change of

-4-

residence" occurs whenever a person enters a state to reside there. However, the defendant cannot be found guilty of failing to register as required by federal law unless he resided in Iowa for at least three days without registering. There is no requirement that the three days be consecutive.

The prosecution must prove beyond a reasonable doubt that the defendant "knowingly" failed to register. It is seldom, if ever, possible to determine directly the operations of the human mind. Nevertheless, "knowledge" may be proved like anything else, from reasonable inferences and deductions drawn from the facts proved by the evidence. An act was done "knowingly" if the defendant was aware of the act and did not act through ignorance, mistake, or accident. The prosecution is not required to prove that the defendant knew that his acts or omissions were unlawful. More specifically, the prosecution does not have to prove that the defendant knew that he was violating federal law by failing to register or to update his registration. It is sufficient for the prosecution to prove that Rock knew of his obligation to register as a sex offender anywhere that he resided, or whenever he changed his residence, as a result of a prior state court conviction for a sex offense.

_____