17-3056-cr
*United States v. Murphy*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term 2018

(Argued:  May 3, 2019          Decided: November 4, 2019)

Docket No. 17-3056-cr

UNITED STATES OF AMERICA,

*Appellee,*

*v.*

NICHOLAS MURPHY,

*Defendant-Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

Before:

KEARSE, WESLEY, and CHIN, *Circuit Judges.*

Appeal from a judgment entered in the United States District Court

for the District of Connecticut (Bryant, *J.*) convicting defendant, following a

guilty plea, of traveling interstate for the purpose of engaging in "illicit sexual

conduct" with a minor, in violation of 18 U.S.C. § 2423(b).  The government

charged that the intended "illicit sexual conduct" was the sexual abuse of an

individual at least 12 years old but not yet 16 years old, who was at least four

years younger than the defendant.  *See* 18 U.S.C. § 2243(a).  As the parties

stipulated, however, the victim told the defendant she was 16 years old and the

defendant told detectives he believed her to be 16 years old.  On appeal, the

defendant contends that the district court committed plain error in accepting his

guilty plea.

      VACATED and REMANDED.

--------

> SARAH P. KARWAN, Assistant United States Attorney
>     (Marc H. Silverman, Assistant United States
>     Attorney, *on the brief*), *for* John H. Durham, United
>     States Attorney for the District of Connecticut,
>     New Haven, Connecticut, *for Appellee*.
>
> MATTHEW BRISSENDEN, Matthew W. Brissenden, P.C.,
>     Garden City, New York, *for Defendant-Appellant*.

--------

CHIN, *Circuit Judge*:

In this case, the government charged defendant-appellant Nicholas

Murphy with traveling in interstate commerce for the purpose of engaging in

"illicit sexual conduct" in violation of 18 U.S.C. § 2423(b).  The government

2

alleged that the intended "illicit sexual conduct" was the sexual abuse of an individual at least 12 years old but not yet 16 years old, who was at least four years younger than the defendant. *See* 18 U.S.C. § 2243(a). Thus, Murphy was charged with (a) traveling in interstate commerce (b) for the purpose of (1) knowingly engaging in a sexual act with (2) a minor not younger than 12, not yet 16, and at least four years his junior.

Murphy pled guilty pursuant to a plea agreement that stipulated that when he was 25 years old, he traveled from Rhode Island to Connecticut for the purpose of having sexual intercourse with a young girl he told detectives he believed to be 16 years old when in fact she was younger than 16 but older than 13. The government, defense counsel, Murphy, and, ultimately, the district court proceeded on the assumption that § 2423(b), when charged with § 2243(a) as the intended illicit sexual conduct, could be violated without knowledge of the victim's age.

We hold that 18 U.S.C. § 2423(b) is not a strict liability crime. As charged here, the statute criminalizes interstate travel "for the purpose of" -- that is, with the intent of -- engaging in a sexual act with someone aged at least 12, not yet 16, and at least four years the defendant's junior. Murphy, however,

apparently believed he was going to have sexual intercourse with a 16-year-old.

Hence, while he might very well have been guilty of a different crime, on this

record, he was not guilty of violating § 2423(b).  Accordingly, we vacate

Murphy's conviction and remand for further proceedings consistent with this

opinion.

## BACKGROUND

**A.     Statutory Background**

The indictment charges that Murphy traveled in interstate

commerce for the purpose of engaging in illicit sexual conduct with another

person in violation of 18 U.S.C. § 2423(b).  Section 2423 provides, in part:

> (b)  Travel with intent to engage in illicit sexual conduct. --
> A person who travels in interstate commerce . . . for the
> purpose of engaging in any illicit sexual conduct with
> another person shall be fined under this title or imprisoned
> not more than 30 years, or both.
>
> . . . .
>
> (f)  Definition. -- As used in this section, the term "illicit
> sexual conduct" means
>
> (1)  a sexual act . . . with a person under 18 years of age
> that would be in violation of Chapter 109A if the sexual act
> occurred in the special maritime and territorial jurisdiction
> of the United States . . . .

18 U.S.C. § 2423. [1] Section 2423(b) thus criminalizes *travel* for certain illegal purposes, namely, for the purpose of committing a crime listed in Chapter 109A. According to the indictment, the "illicit sexual conduct" that Murphy intended to engage in was the "sexual abuse of a minor" as defined in 18 U.S.C. § 2243(a).

Section 2243, entitled "[s]exual abuse of a minor or ward" and included in Chapter 109A, provides:

> (a) Of a Minor. -- *Whoever*, in the special maritime and territorial jurisdiction of the United States or in a Federal prison, or in any prison, institution, or facility in which persons are held in custody by direction of or pursuant to a contract or agreement with the head of any Federal department or agency, *knowingly engages in a sexual act with another person who --*
>
> (1) has attained the age of 12 years but has not attained the age of 16 years; and
>
> (2) is at least four years younger than the person so engaging;
>
> Or attempts to do so, shall be fined under this title, imprisoned not more than 15 years, or both.
>
> . . . .
>
> (c) Defenses. -- (1) In a prosecution under subsection (a) of this section, it is a defense, which the defendant must establish by a preponderance of the evidence, that the defendant reasonably believed that the other person had attained the age of 16 years. . . .

---

[1] On December 21, 2018, following Murphy's plea, § 2423(b) was amended to require travel "with a motivating purpose," rather than travel "for the purpose of," engaging in illicit sexual conduct. 18 U.S.C. § 2423(b) (as amended by Abolish Human Trafficking Act of 2017, Pub. L. No. 115-392, § 14, 132 Stat. 5250, 5256 (2018)).

(d)  State of Mind Proof Requirement. -- In a prosecution under subsection (a) of this section, the Government need not prove that the defendant knew --

(1)  the age of the other person engaging in the sexual act; or

(2)  that the requisite age difference existed between the persons so engaging.

18 U.S.C. § 2243 (emphasis added).  Section 2243(a) thus criminalizes the substantive act of *sexual abuse* of a minor who is at least 12 years old, has not yet attained the age of 16 years old, and is at least four years younger than the defendant.  As noted in subsection (d), this crime contains no requirement of proof of knowledge of the victim's age.  As noted in subsection (c), however, it is an affirmative defense that the defendant reasonably believed the victim to be at least 16 years old.

**B.    *Factual Background*[2]**

In 2015, Murphy was a 25-year-old U.S. Air Force member.  Murphy met the victim through the online dating website "Plenty of Fish."  Murphy told the victim he was 19 years old when in fact he was 25 years old.  The victim's profile stated that she was 19 years old.  After their initial introduction on the

---

[2]    These facts are undisputed and are drawn from the material available to the district court at the time it accepted Murphy's plea:  the indictment, the plea agreement, and the plea transcript.

dating website, Murphy and the victim continued to correspond on the Facebook Messenger application. The victim eventually told Murphy that she was 16 years old. In fact, however, the victim was 14 years old -- at least 12 years old and not yet 16 years old.

On the evening of September 16, 2015, Murphy drove from Rhode Island to Connecticut where the victim resided with her parents. Murphy's purpose in traveling to Connecticut was to engage in sexual conduct with the victim. Once he arrived in Connecticut, Murphy and the victim engaged in sexual intercourse.

On September 24, 2015, shortly after his rendezvous with the victim in Connecticut, Murphy was interviewed by local Connecticut law enforcement. Murphy admitted to having sexual intercourse with the victim, and he stated that he believed the victim to be sixteen years old.

C.    *Procedural History*

On December 14, 2016, a grand jury in the District of Connecticut charged Murphy with violating 18 U.S.C. § 2423(b). The indictment charges that:

> From on or about September 16, 2015, through and including September 17, 2015, the defendant . . . traveled in interstate commerce, from the State of Rhode Island to the State of Connecticut, for the purpose of engaging in any illicit sexual conduct (as defined in Title 18, United States

7

Code, Section 2246(f)(1)) with a person under 18 years of age, that would be in violation of Title 18, United States Code, Chapter 109A, if the sexual act occurred in the special maritime and territorial jurisdiction of the United States, namely, sexual abuse of a minor in violation of Title 18, United States Code, Chapter 109A, Section 2243(a).

All in violation of Title 18, United States Code, Section 2423(b).

App'x at 18.  Hence, Murphy was charged with one crime:  travel in interstate commerce for the purpose of engaging in illicit sexual conduct with a minor in violation of § 2423(b).  The meaning of a critical component of the crime, "illicit sexual conduct," is defined with reference to a separate statute, § 2243(a).

On June 5, 2017, Murphy appeared before a magistrate judge (Richardson, *J.*) and signed a plea agreement.  The plea agreement provided that the crime to which he was pleading guilty had two "essential elements" that "must be satisfied":

1.  The Defendant traveled in interstate commerce

2.  For the purpose of engaging in illicit sexual conduct with another person.

App'x at 85.  The plea agreement did not define the term "illicit sexual conduct" either by reference to statute or otherwise.  At the plea hearing, the magistrate judge explained to Murphy that if he were to go to trial, the government would have to prove certain elements beyond a reasonable doubt.  The court referenced

8

page one of the plea agreement and asked the government to read the elements aloud. Neither the government nor the magistrate judge explained the term "illicit sexual conduct."

The plea agreement stipulated that (a) "[the victim] told [Murphy] that she was sixteen when, in fact, she was less than sixteen but older than thirteen years old" and (b) Murphy "told the detectives that he believed her to be sixteen." App'x at 93. When asked to describe his conduct, Murphy explained to the magistrate judge:

> I traveled from Rhode Island to Connecticut to meet with this girl to engage in sexual activities. I should have known as the adult that it was a poor decision on my part and I should have known better. She was underage, and . . . I should have never taken that drive to begin with, but I did. . . . I should have known better once I arrived [at] the house that it was a poor situation and shouldn't have engaged in the activity.

App'x at 54. Hence, Murphy did not provide any additional indication of his knowledge of the victim's age, other than that "[s]he was underage" and he "should have known better."

Later in the plea hearing, the government stated on the record that were the case to go to trial, it would prove that "the victim told [Murphy] that she was 16 even though her Plenty of Fish profile stated 19, but she was in fact

9

younger than 16, being older than 13 and under 16." App'x at 58. The government confirmed that Murphy "told the detectives that he knew [the victim] to be 16." *Id.* at 60.

The court proceeded to ask Murphy whether he "believe[d he was] . . . in fact guilty of the charge to which [he was] offering to plead guilty." *Id.* at 62. Murphy responded in the affirmative. At the conclusion of the proceeding, the magistrate judge advised that he would recommend that the district court accept the plea. By order dated June 6, 2017, the district court (Bryant, *J.*) accepted the plea.

Murphy was also charged, based on the same conduct, in Connecticut with sexual assault in the second degree in violation of Conn. Gen. Stat. § 53a-71(a)(1).[3] On July 7, 2017, approximately one month after he pled guilty in federal court, Murphy pled guilty to this offense in Connecticut

---

[3] This statute proscribes "sexual intercourse with another person [who is] thirteen years of age or older but under sixteen years of age [if] the actor is more than three years older than such other person." Conn. Gen. Stat. § 53a-71(a)(1). Under this statute, the state is not required to establish

> that the accused knew that the person with whom he had sexual intercourse was under the age of sixteen; the state must prove only that the accused knowingly engaged in sexual intercourse with a person who, in fact, had not attained the age of sixteen.

*State v. Sorabella*, 277 Conn. 155, 169 (2006).

Superior Court. Murphy agreed to be sentenced to the 9-month mandatory minimum term of imprisonment as well as a 10-year period of probation, which carries with it sex offender registration requirements. A judgment to this effect was entered on October 30, 2017.

On September 13, 2017, Murphy appeared before the district court (Bryant, *J.*) for sentencing. The district court determined the applicable Guidelines range to be 70 to 87 months' imprisonment and sentenced Murphy to a below-Guidelines sentence of 60 months' imprisonment, to run concurrently with his state sentence.

This appeal followed.

### DISCUSSION

Murphy argues that the district court erred in accepting his plea because it failed to ensure that (1) he understood the essential elements of the crime, namely the element of knowledge that the intended victim was under the age of 16 and (2) there was a factual basis for his plea. Because Murphy did not identify either of these claimed errors in the district court, we review for plain error only. *See United States v. Torrellas*, 455 F.3d 96, 103 (2d Cir. 2006).

11

The government argues that the district court did not err, much less plainly err, because (1) knowledge that the victim was under the age of 16 is not an element of the offense, and (2) even if such knowledge is an essential element, there was no plain error because Murphy understood the nature of the offense and there was an adequate factual basis for the district court to find that this element was satisfied. We address the two arguments in turn.

## I.      *Knowledge of the Intended Victim's Age*

The government makes two arguments with respect to knowledge of the intended victim's age: first, it contends that knowledge that the intended victim is under the age of 16 is not an essential element of the crime of conviction; and, second, it argues in the alternative that if knowledge is required, it need only prove knowledge that the intended victim was under the age of 18. We address both arguments in turn.

### A.      *Knowledge That the Intended Victim Is Under 16*

We conclude that knowledge that the intended victim is under the age of 16 is an element of the crime of conviction, 18 U.S.C. § 2423(b).[4] We begin

---

[4]      As discussed further, *infra* at 24-25, our use of the term "knowledge" throughout encompasses a defendant's belief, however mistaken, that the victim is under the age of 16. *See United States v. Jennings*, 471 F.2d 1310, 1313 (2d Cir. 1973) (noting that culpability for a crime with a knowing *mens rea* "turns upon the defendant's knowledge or belief" that the requisite facts exist); *see also United States v. Langley*, 549 F.3d 726, 729

12

with the language of the statute.  Section 2423(b) is entitled "[t]ravel with *intent* to engage in illicit sexual conduct." (emphasis added).  By its terms, § 2423(b) criminalizes (a) the act of traveling interstate (b) "for the *purpose of*" engaging in "illicit sexual conduct."  (emphasis added).  Thus, what is required is the act of crossing state lines with the specific intent to engage in an illicit sexual act.  *See United States v. Han*, 230 F.3d 560, 563 (2d Cir. 2000) ("§ 2423(b) criminalizes crossing state lines with a criminal intent").

The intended illicit sexual conduct charged here is (1) a sexual act[5] with (2) a particular class of persons:  those who have attained the age of 12, who have not yet reached the age of 16, and who are at least four years younger than the defendant.  *See* 18 U.S.C. § 2243(a).  Accordingly, the words of § 2423(b) make clear that the statute, when charged with § 2243(a) as the underlying Chapter 109A offense, requires the government to prove that the defendant (a) traveled in interstate commerce (b) for the purpose of engaging in (1) a sexual act with (2) a person who is at least 12 years old but has not yet attained the age of 16 years old

---

(8th Cir. 2008) (noting that § 2423(b) "require[s] the government to demonstrate [the defendant] *believed* [the victim] to be under the age of sixteen" (emphasis added)).

[5]    The term "sexual act" is defined in 18 U.S.C. § 2246.  The meaning of this term is not at issue in this appeal.

and is at least four years younger than the defendant.  The crux of the offense is travel with the requisite intent.

By its terms, then, § 2423(b) criminalizes interstate travel for the purpose of engaging in "*illicit* sexual conduct."  What makes the otherwise innocent conduct of crossing state lines to engage in a sexual act with another person *illicit* is that the sexual conduct intended to be performed is with an individual that federal law -- in this case § 2243(a) -- has deemed incapable of consent:  those under the age of 16.  Accordingly, only when one travels interstate intending to engage in a sexual act with someone "who has not attained the age of 16 years," *see* 18 U.S.C. § 2243(a), will that person be subject to up to 30 years' imprisonment, *see Staples v. United States*, 511 U.S. 600, 622 n.3 (1994) (Ginsburg, *J.*, concurring) (noting the presumption that crimes "require[] knowledge . . . of the facts that make the defendant's conduct illegal").

This result accords with common sense.  Because § 2423(b) criminalizes mere travel with the requisite state of mind, and that state of mind in this case is intent to sexually abuse a minor in violation of § 2243(a), the crime is complete when one travels interstate with the intent of having sex with someone under the age of 16; the crime does not require the actual sexual abuse

of a minor.  An example illustrates the absurdity of reading out the knowledge requirement:

Imagine that John, who is 25 years old, registers with a dating website.  He sees a profile for Mary, which states that she is 21 years old.  John and Mary arrange a meeting.  One Saturday night, John travels from Massachusetts to New Hampshire intending to have consensual sex with Mary.  If Mary was actually a 15-year-old girl posing as a 21-year-old woman, then, under the government's reading of the statute, John would have violated § 2423(b) the moment he crossed over from Massachusetts to New Hampshire.  This would be so despite the fact that John traveled with the intent to have sex with someone he believed to be 21 years old.  Although his intent was to have sex with an adult, because Mary was actually 15, under the government's theory he would have committed a crime punishable by up to 30 years' imprisonment.  This is simply not how the statute was intended to operate.

Given this straightforward reading of the statute and common-sense understanding of its proscription, it is unsurprising that many of our sister circuits have held that § 2423(b), when charged with § 2243(a) as the intended Chapter 109A offense, includes as an essential element knowledge that the

15

intended victim is under 16 years old. *See United States v. Schneider*, 801 F.3d 186, 189 (3d Cir. 2015) (noting that § 2423(b) criminalizes "travel[] . . . with the intent to engage in sex with a minor between the ages of twelve and sixteen"); *United States v. Stokes*, 726 F.3d 880, 895-96 (7th Cir. 2013) (noting that "§ 2423(b) . . . criminalize[s] interstate and foreign travel undertaken for . . . the . . . purpose[]. . . [of] engaging in a sexual act with a minor between the ages of 12 and 16 *if* the perpetrator is at least four years older than the victim"); *United States v. Langley*, 549 F.3d 726, 729 (8th Cir. 2008) (noting that § 2423(b) "require[s] the government to demonstrate [the defendant] believed [the victim] to be under the age of sixteen"); *United States v. Buttrick*, 432 F.3d 373, 374 (1st Cir. 2005) (noting that § 2423(b) criminalizes "traveling in interstate commerce with the purpose of engaging in illicit sexual conduct with another person between twelve and sixteen years of age").

Likewise, the conclusion that § 2423(b) includes as an element knowledge that the intended victim is under the age of 16 is supported by the federal pattern jury instructions. Sand's Modern Federal Jury Instructions provides that in a prosecution under § 2423(b), the government must prove two elements: (1) interstate travel and (2) intent to engage in illicit sexual conduct. 3

16

Modern Criminal Jury Instructions § 64-21 (2019). It further provides that "'illicit sexual conduct' means . . . *e.g.*, a sexual act with a person who had reached the age of twelve years old but had not reached the age of sixteen years old, and who is at least four years younger than the defendant." *Id.* § 64-23 (brackets omitted). While "[t]he government does not have to prove that the defendant actually engaged in illicit sexual conduct, [it] must prove that he or she traveled with the intent to engage in such conduct." *Id.* The comment explains that

> the government must allege and prove that the defendant traveled with the intent to engage in sexual activity that, if it had occurred, could have been charged as a federal offense if it had occurred in a federal enclave. Thus, it will be necessary to incorporate a general description of the conduct element of the sexual abuse offense that it is alleged defendant intended to commit. . . . *Thus, . . . if the [intended] victim was between twelve and sixteen, then the age of the intended victim and the age difference between the victim and the defendant should be included. The age of consent under federal law is sixteen years old, so under federal law, sex with a person between sixteen and eighteen is chargeable only if the defendant engaged in coercive conduct,* such as the use of force or threats or administering some intoxicant to the victim. If the intended victim is older than eighteen, it is not chargeable under section 2423(b) . . . .

*Id.* § 64-23 cmt. (emphasis added) (footnote omitted). The comment thus clarifies, consistent with the discussion that follows, *see infra* at 22-24, that intended sex with a 16- or 17-year-old is chargeable only if a Chapter 109A offense other than § 2243(a) is implicated. *Id.*

We also note that the Department of Justice has itself acknowledged that prosecutions under § 2423(b) require proof of the defendant's purpose, including the age of the intended victim. In a 1998 letter, the Department of Justice urged Congress to remove § 2423(f)(1)'s cross-reference to Chapter 109A in part because "a person who traveled in interstate commerce with the intention of having consensual sexual activity with a 16-year-old minor would not violate the statute," which had become "a barrier to prosecution of Section 2423(b) crimes in cases where the person travels to meet a minor aged 16-18." H. R. Rep. No. 105-557, 105th Cong., 2d Sess. at 28 (letter of Ann M. Harkins, Acting Assistant Attorney General).

In support of its position that knowledge that the intended victim is under the age of 16 is not an element of § 2423(b), the government likens § 2423(b) to § 2243(a), the underlying Chapter 109A offense. The government argues that § 2243(a) is a strict liability crime with respect to the defendant's knowledge of the victim's age, relying on the language in § 2243(d)(1) that the government need not prove that the defendant knew the age of the victim. Hence, the government contends that it "is difficult to see how such knowledge could be an element under [§] 2423(b)." Government's Br. at 24. According to

the government, "such strict liability is not out of the ordinary for statutes concerning the exploitation of children." *Id.* at 27 (internal quotation marks omitted).

As an initial matter, we reject the government's contention that § 2243(a) imposes strict liability. Indeed, § 2243(c) provides that "it is a defense . . . that the defendant reasonably believed" that the victim had attained the age of 16. 18 U.S.C. § 2243(c). Moreover, § 2423(b) and § 2243(a) differ in material ways. While § 2423(b) criminalizes the *actus reus* of interstate travel combined with the *mens rea* of a "purpose of" engaging in "illicit sexual conduct," § 2243(a) criminalizes the *actus reus* of engaging in a sexual act with a minor in certain federal enclaves and expressly provides that the government need *not* prove knowledge of the victim's age. *See* 18 U.S.C. § 2243(d). In other words, § 2243(a) is the prototypical crime that does not require knowledge of the victim's age because "the perpetrator confronts the underage victim personally" and thus has "a reasonable opportunity to observe the victim." *United States v. Robinson*, 702 F.3d 22, 32 (2d Cir. 2012) (discussing 18 U.S.C. § 1591) (internal quotation marks omitted). By contrast, § 2423(b) is a crime of intent that criminalizes the "otherwise innocent conduct" of traveling interstate, *see United States v. X-*

19

*Citement Video, Inc.*, 513 U.S. 64, 72 (1994), and so "a conviction is entirely sustainable even if no underlying criminal sexual act ever occurs," *Vargas-Cordon*, 733 F.3d at 375 (internal quotation marks omitted) (discussing § 2423(a)). Moreover, § 2423(b) contains no disclaimer of a *mens rea* requirement as to the victim's age, and we generally presume that criminal statutes contain *mens rea* requirements even where not explicitly provided in the statute. *Staples*, 511 U.S. at 605-06.

The government also attempts to compare § 2423(b) with its statutory neighbor, § 2423(a). Section 2423(a) criminalizes the knowing transportation of an individual under the age of 18 with the intent that the individual engage in prostitution, and it does not require scienter as to the victim's age. 18 U.S.C. § 2423(a); *see United States v. Griffith*, 284 F.3d 338, 349-51 (2d Cir. 2002). But § 2423(a) too is materially different from § 2423(b).

In *Griffith*, we held that the presumption in favor of a *mens rea* requirement as to the victim's age does not apply to § 2423(a) because "a defendant is already on notice that he is committing a crime when he transports an individual of any age in interstate commerce for the purpose of prostitution." *Id.* at 351. That the person is in fact under the age of 18 only aggravates the

already criminal act.  *See United States v. Taylor*, 239 F.3d 994, 997 (9th Cir. 2001).

Under § 2423(b), by contrast, the defendant's travel with the *purpose* of having sex with a minor under the age of 16 is the essence of the offense, without which § 2423(b) would criminalize purely innocent conduct not accompanied by any criminal intent.

A better analogue to § 2423(b) as charged in this case is found in 18 U.S.C. § 2241(c).  *See United States v. Farley*, 607 F.3d 1294, 1325 (11th Cir. 2010) (noting that although these "two statutory provisions apply to different age categories of victims," they "are materially identical").  Section 2241(c) criminalizes "cross[ing] a State line with intent to engage in a sexual act with a person who has not attained the age of 12 years."  As the Sixth Circuit has explained, "[t]he critical fact that renders the defendant's conduct criminal . . . is . . . the intent with which the act was done," so while "it is no crime to travel between states, . . . to do so with the evil intent described in [§] 2241(c) will subject a person to the punishment prescribed by Congress."  *United States v. DeCarlo*, 434 F.3d 447, 457-58 (6th Cir. 2006).  Accordingly, like § 2423(b), criminal liability under § 2241(c) "turns on the criminal intent with which [the defendant] acted, not on the existence of an actual child."  *Farley*, 607 F.3d at 1325; *see also*

*United States v. Cryar*, 232 F.3d 1318, 1323 (10th Cir. 2000) ("It is certainly not the crossing alone but the crossing in order to engage in sexual activity with underage persons that is criminal."); *accord United States v. King*, 604 F.3d 125, 139-40 (3d Cir. 2010); *United States v. Lukashov*, 694 F.3d 1107, 1121 (9th Cir. 2012).

We thus reject the government's arguments that the crime of conviction does not contain a requirement that the defendant know that the intended victim was under the age of 16.

## B. *The Government's Alternative Argument*

In the alternative, the government argues that to the extent § 2423(b) requires knowledge of the intended victim's age, it need only prove that the defendant traveled interstate for the purposes of engaging in a sexual act with someone under the age of 18 (rather than 16), so long as that person is in fact under the age of 16. Government Br. at 25 (asserting that "criminal liability attaches where the victim actually is under the age of 16, even if the defendant mistakenly believed that the victim is 16 or 17"); *see also* Oral Argument at 10:25-45 ("[I]f there is an intent requirement as to age in [§] 2423, it is . . . activity with someone under the age of 18.").

In support of this argument, the government points to § 2423(f)(1)'s definition of "illicit sexual conduct." This subsection defines "illicit sexual conduct" as "a sexual act . . . with a person *under 18 years of age* that would be in violation of chapter 109A if the sexual act occurred" in a federal enclave. (emphasis added). The government contends that a requirement that the defendant knows the victim to be between the ages of 12 and 16 would render superfluous § 2423(f)(1)'s "under 18 years of age" language. This argument misses the mark.

Chapter 109A contains multiple provisions, some of which relate to sexual abuse of minors under the age of 16, *see* 18 U.S.C. §§ 2243, 2241(c), and some of which relate to rape and sexual abuse generally, without regard to the age of the victim, *see* 18 U.S.C. §§ 2241(a)-(b), 2242. Section 2423(f) thus criminalizes interstate travel for the purpose of committing aggravated sexual abuse under 18 U.S.C. § 2241(a)-(b) or sexual abuse under § 2242 -- but only where the victim is under the age of 18. The fact that the Chapter 109A offense used here -- § 2243(a) -- limits the intended victims to those aged at least 12 and no more than 15 does not, therefore, render this "under 18" limitation

superfluous. Indeed, this limitation is consistent with the general proscription of § 2423, which is entitled "Transportation of Minors."

While the "under 18" limitation may be superfluous in *this* case, it is not superfluous in the overall statutory scheme. Where, as here, the government charges that a defendant has violated § 2423(b), with § 2243(a) as the underlying Chapter 109A offense, the "under 18" limitation will necessarily be met if the intent to commit the acts described in § 2243(a) is proven, because intending to have sex with someone between the ages of 12 and 16 necessarily includes the intent to have sex with someone under the age of 18. But § 2423(b)'s age limitation would not be met by the intent to commit other Chapter 109A offenses. Section 2242(2)(B) is a Chapter 109A offense that prohibits "knowingly . . . engag[ing] in a sexual act with another person if that other person is . . . physically incapable of declining participation in . . . that sexual act." Thus, where the government charges that a defendant has violated § 2423(b) with § 2242 as the underlying Chapter 109A offense, the "under 18" limitation will serve an important function. In addition to proving that the defendant (a) traveled interstate with (b) the intent to engage (1) in a sexual act (2) with someone who is physically incapable of declining participation in that sexual act,

24

the government will also likely have to prove that the defendant (3) knew the intended victim to be under the age of 18. This is so despite the fact that § 2242, standing alone, contains no limitation based on age.

The government's proffered interpretation of § 2423(b) is also belied by the uniform authority holding that the victim's actual age is not an element of the crime. Indeed, there are many cases in which the government has successfully prosecuted violations of § 2423(b) where the intended victim was in fact an adult undercover detective posing as a minor under the age of 16.[6] If the government were correct that the victim's age is merely a fact that must be proven, and not a component of the *mens rea* requirement, then § 2423(b) could not be used to prosecute individuals who traveled interstate with the intent to have sex with an individual they *believed* to be under the age of 16 if *in fact* the

---

[6] *See United States v. Hicks*, 457 F.3d 838, 841 (8th Cir. 2006) ("[A] defendant may be convicted of violating § 2423(b) if he or she travels in interstate commerce with the purpose of engaging in criminal sexual conduct with a person believed to be a minor regardless of whether such person is actually a minor."); *United States v. Tykarsky*, 446 F.3d 458, 469, 471 (3d Cir. 2006) (noting that "[t]he actual age of the intended victim is not an element of the offense; criminal liability turns simply on the purpose for which the defendant traveled" (internal quotation marks and brackets omitted)); *United States v. Blazek*, 431 F.3d 1104, 1108 (8th Cir. 2005); *United States v. Root*, 296 F.3d 1222, 1231-32 (11th Cir. 2002); *see generally United States v. Vang*, 128 F.3d 1065, 1069 (7th Cir. 1997) (discussing the history of § 2423(b) and its roots in the Mann Act); *cf. United States v. McGuire*, 627 F.3d 622, 624 (7th Cir. 2010) (upholding the § 2423(b) conviction of a defendant who "configured his travels [for religious retreats] to optimize his sexual activity").

purported minor turned out to be an adult law enforcement officer posing as a minor.

\* \* \*

In sum, it is not a violation of § 2423(b), when charged with 18 U.S.C. § 2243(a) as the intended Chapter 109A offense, to travel in interstate commerce for the purpose of engaging in a consensual sexual act with a 16-year-old.  Rather, the government must prove that the defendant (a) traveled in interstate commerce (b) for the purpose of (1) engaging in a sexual act (2) with another person who is at least 12 years old but has not yet attained the age of 16 years old and is at least four years younger than the defendant.  Intent, including with respect to the age of the intended victim, is a critical element of the crime.

## II.     *Plain Error*

We next consider whether, in light of our conclusion that Murphy's crime of conviction includes as an essential element knowledge that the intended victim was under the age of 16, the district court committed plain error in violation of Rule 11 of the Federal Rules of Criminal Procedure, in accepting Murphy's plea.  Murphy claims that the district court violated Rule 11 by failing (1) to ensure that he understood the nature of the charge to which he pleaded

26

guilty, in violation of Rule 11(b)(1)(G), and (2) to determine that there was a factual basis for the plea, in violation of Rule 11(b)(3).

## A. *Standard of Review*

Because Murphy did not identify either of these claimed errors in the district court, we review for plain error only. *See United States v. Torrellas*, 455 F.3d 96, 103 (2d Cir. 2006). To satisfy the plain error standard, Murphy must demonstrate that "(1) there was error, (2) the error was plain, . . . (3) the error prejudicially affected his substantial rights, [and] (4) the error seriously affected the fairness, integrity or public reputation of judicial proceedings." *United States v. Lloyd*, 901 F.3d 111, 119 (2d Cir. 2018) (internal quotation marks omitted).

## B. *Applicable Law*

Under Rule 11, the district court is required to "inform the defendant of, and determine that the defendant understands, . . . the nature of each charge to which the defendant is pleading." Fed. R. Crim. P. 11(b)(1)(G). "This Rule . . . is designed to assist the district judge in making the constitutionally required determination that a defendant's guilty plea is truly voluntary." *United States v. Maher*, 108 F.3d 1513, 1520 (2d Cir. 1997). "What is essential . . . is that the court determine by some means that the defendant actually understands the nature of

27

the charges."  *Id.* at 1521.  "The nature of the inquiry required by Rule 11 must necessarily vary from case to case, and, therefore, . . . matters of reality, and not mere ritual, should be controlling."  *McCarthy v. United States*, 394 U.S. 459, 467 n.20 (1969) (brackets and internal quotation marks omitted).

In addition to ensuring that the defendant understands the nature of the charges, "[b]efore entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea."  Fed. R. Crim. P. 11(b)(3).  The district court must "assure itself simply that the conduct to which the defendant admits is in fact an offense under the statutory provision under which he is pleading guilty."  *Lloyd*, 901 F.3d at 123 (internal quotation marks omitted).  This requirement "is designed to protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge."  *Maher*, 108 F.3d at 1524 (internal quotation marks omitted).  "[T]his factual basis must be sufficiently established by the record, rather than by assumptions of fact made by the trial judge which may be open to dispute."  *Seiller v. United States*, 544 F.2d 554, 564 (2d Cir. 1975).  "A lack of a factual basis for a plea is a substantial defect calling into question the validity of the plea.  Such defects are

not technical, but are so fundamental as to cast serious doubt on the voluntariness of the plea." *United States v. Adams*, 448 F.3d 492, 502 (2d Cir. 2006) (citation and internal quotation marks omitted).

## C. *Application*

We analyze the two claimed errors independently for purposes of the first two prongs of the plain error standard -- whether there was error, and whether the error was plain. We conclude that the district court did so err with respect to both of Murphy's claims. We then consider the third and fourth prongs of the plain error standard -- whether the errors prejudicially affected Murphy's substantial rights, and whether the errors seriously affected the fairness, integrity or public reputation of judicial proceedings. We conclude that they did.

### 1. *Understanding of the Charge*

As we have held above, the charge of travel in interstate commerce for the purpose of engaging in an illicit sexual act as charged here includes as an essential element knowledge that the intended victim was under the age of 16. Neither Murphy's indictment, nor his plea agreement, nor the discussions at his plea hearing informed him of this essential element. Accordingly, the district

29

court erred in failing to ensure that Murphy understood the nature of the offense to which he pleaded guilty.

Murphy's indictment alleges only that the "illicit sexual conduct" he traveled with the intent to perform was the "sexual abuse of a minor in violation of Title 18, United States Code, Chapter 109A, Section 2243(a)." App'x at 18. Murphy's plea agreement includes an even more threadbare statement of the elements, stating only that the "essential elements" are that Murphy traveled interstate "[f]or the purpose of engaging in illicit sexual conduct with another person." *Id.* at 85. At his plea hearing, Murphy was similarly informed only that the government must prove "that the purpose of [his] travel was to engage in illicit sexual conduct with . . . another person." *Id.* at 53. At no point was Murphy told the meaning of "illicit sexual conduct" or provided the statutory text of § 2243(a). And it was never explained to Murphy that § 2243(c) provides that it is a defense in a prosecution under §2243(a) that the defendant reasonably believed the victim "had attained the age of 16 years." 18 U.S.C. § 2243(c).

Indeed, the government, Murphy, defense counsel, and the district court were all apparently of the view that the crime of conviction included no requirement that the government prove that the defendant intended to engage in

30

a sexual act with an individual the defendant knew (or believed) to be under the age of 16. This misunderstanding was not limited to the proceedings leading up to the plea. It persisted through the sentencing phase, where the government argued that § 2423(b) did not require scienter as to the victim's age.[7] Thus, there was error.

The error was plain. "An error is plain if it is clear or obvious under current law . . . [or] so egregious and obvious as to make the trial judge and prosecutor derelict in permitting it, despite the defendant's failure to object." *United States v. Gore*, 154 F.3d 34, 42-43 (2d Cir. 1998) (internal citation and quotation marks omitted). As explained above, the government's proffered interpretation of the statute is inconsistent with its plain words. At least four circuits had held, in no uncertain terms, that § 2423(b), when charged with § 2243(a) as the underlying illicit sexual conduct, "require[s] the government to demonstrate [the defendant] believed [the victim] to be under the age of sixteen." *Langley*, 549 F.3d at 729; *see also Schneider*, 801 F.3d at 193; *Stokes*, 726 F.3d at 895-

---

[7] At sentencing, the government stated that "whether he believed her to be 16 or 14 is irrelevant to the offense he stands convicted of." App'x at 214; *see also id.* at 223 (defense counsel arguing "it doesn't matter whether you know the age of the younger person or not"); *id.* at 229 (defense counsel arguing that the defendant's "mental state" is "not . . . relevant to guilt or innocence").

96; *Buttrick*, 432 F.3d at 374. Although we have not had occasion to make this explicit, "[n]either the absence of circuit precedent nor the lack of consideration of the issue by another court prevents the clearly erroneous application of statutory law from being plain error." *United States v. Evans*, 155 F.3d 245, 252 (3d Cir. 1998). The pattern federal jury instructions also confirm, in explicit terms, that the age of the intended victim is part of the "conduct element of the sexual abuse offense" that the government must prove the "defendant intended to commit." 3 Sand's Modern Federal Criminal Jury Instructions § 64-23 cmt (2019).

The government has pointed to no authority indicating otherwise. We thus conclude that the district court plainly erred in violation of Rule 11(b)(1)(G).

### 2. *Factual Basis for the Plea*

The district court also plainly erred in failing to ensure that there was an adequate factual basis for Murphy's plea. It is undisputed that "the victim told [Murphy] that she was 16," App'x at 58, and Murphy "told the detectives that he knew [the victim] to be 16," *id.* at 60. The government stipulated in the plea agreement that each of those representations was made and stated them on the record at Murphy's plea hearing. Nothing in the record on appeal -- the indictment, the plea agreement, or the plea transcript -- indicates

that the victim told Murphy she was under the age of 16 or that Murphy believed

her to be under the age of 16. It was not a violation of § 2423(b), as charged here,

for Murphy to travel interstate for the purpose of engaging in a sexual act with a

16-year-old. Accordingly, the district court erred in accepting Murphy's plea.[8]

This error was plain. The government argues that there was an

arguable basis in fact for accepting Murphy's plea in part because Murphy stated

in his plea allocution that the victim "was underage" and that he "should have

known better." App'x at 54. These statements do not support the government's

---

[8] There was some discussion at the sentencing about the Murphy's knowledge of the victim's true age. Murphy argued below and maintains on appeal that he did not know her true age. And it is undisputed that Murphy never admitted to knowing her true age. The district court, however, found this assertion "dubious," App'x at 253, because according to the presentence report, the victim's Facebook page showed the victim to be 14 years old and thus the victim's true age "was in the public domain" and available to Murphy, *id.* at 248. These "facts" were not in the record at the time of the plea, and it is unclear whether we may consider them in evaluating whether there existed a factual basis for the plea under Rule 11. *Compare Lloyd*, 901 F.3d at 123 & n.9 (holding that there was a sufficient factual basis for the plea because "the District Court could . . . consider the presentence report in concluding that [the defendant]'s plea was supported by the requisite factual basis"), *with Irizarry v. United States*, 508 F.2d 960, 967-68 (2d Cir. 1974) (holding that the facts used to determine whether there is a factual basis for the plea "must be put into the record at the time of the plea" and that "[p]ost hoc explanations . . . are insufficient"), *and Maher*, 108 F.3d at 1524-25 (same).

In any event, in light of the plea agreement, the parties' stipulation, and the government's representations during the plea allocution, all of which confirmed that Murphy consistently stated that he believed the victim was 16 years old, there was not an adequate factual basis for the district court to accept Murphy's plea of guilty to violating § 2423(b) with § 2243(a) charged as the intended Chapter 109A offense.

contention that Murphy pled guilty to facts consistent with the crime of traveling interstate for the purpose of having sex with someone under the age of 16. They may merely evidence Murphy's sense of moral culpability, which is understandable given that Murphy lied about his age and had sex under cover of night with someone he thought was a 16-year-old almost 10 years his junior. None of this, however, changes the reality that the facts Murphy pleaded to are not actually criminal under his crime of conviction. Thus, the district court plainly erred in accepting the plea.

### 3. *Prejudicial Effect on Substantial Rights*

The errors prejudicially affected Murphy's substantial rights. There is a reasonable probability that but for the errors, the defendant would not have entered the plea. *See Lloyd*, 901 F.3d at 119. In addition to the state and federal charges, the Air Force initiated separation proceedings against Murphy, seeking a dishonorable discharge. Under the military code, any member of the military who "commits a sexual act upon a [person who has not yet attained the age of 16 years but] who has attained the age of 12 years" is guilty of sexual assault of a child. *See* 10 U.S.C. § 920b(b). This statute provides as an affirmative defense "that the accused reasonably believed that the child had attained the age of 16 years." *Id.* § 920b(d)(2). Murphy successfully invoked this mistake of age

34

defense and, thus, the military "didn't have legal basis to discharge" him. App'x at 244; *see also id.* at 188-90. As a result of his successful invocation of the defense, Murphy was honorably discharged from the Air Force.

There is every reason to believe that if the district court had ensured that Murphy understood the nature of the § 2423(b) charge, Murphy would have argued -- and perhaps prevailed in doing so -- that he had not violated the statute because he traveled interstate for the purpose of having sex with a 16-year-old.

### 4. *The Fairness, Integrity, and Public Reputation of Judicial Proceedings*

Finally, based on the seriousness, pervasiveness, and obviousness of the legal and factual defects here, the fairness of the judicial proceedings was seriously affected. Murphy did not understand the nature of the crime with which he was charged and, even assuming the truth of the government's allegations, Murphy did not admit having had the intent required for commission of the crime. Yet he was convicted. This strikes at the heart of the fairness, integrity, and public reputation of judicial proceedings. *See Montgomery v. United States*, 853 F.2d 83 (2d Cir. 1988); *Godwin v. United States*, 687 F.2d 585,

35

589-91 (2d Cir. 1982).  Accordingly, we exercise our discretion to correct these errors and vacate Murphy's conviction.

### D.    *Request for Reassignment*

Murphy requests that, in the event of a remand, the case be reassigned to a different district judge.  The request is denied.  "Remanding a case to a different judge is a serious request rarely made and rarely granted." *United States v. Singh*, 877 F.3d 107, 122 (2d Cir. 2017) (internal quotation marks omitted).  The error here was not just the district court's; rather, both the prosecutor and defense counsel operated under the same misunderstanding.  We are confident that the experienced and capable district court, with the benefit of the legal clarity provided herein, will preside over the proceedings on remand fairly and impartially.  *See id*.

### *CONCLUSION*

Because we vacate Murphy's conviction, we do not consider his arguments that the sentence imposed was procedurally unreasonable, that defense counsel provided ineffective assistance at sentencing, or that the district court abused its discretion in imposing a special assessment.

For the reasons set forth above, we VACATE Murphy's conviction and REMAND to the district court for further proceedings.