21-2057-cr
United States v. Lesane

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8ᵗʰ day of February, two thousand twenty-three.

PRESENT:  RAYMOND J. LOHIER, JR.,
                    STEVEN J. MENASHI,
                    BETH ROBINSON,
                            *Circuit Judges.*

-----------------------------------------------------------------

UNITED STATES OF AMERICA,

                    *Appellee*,

          v.                                                   No. 21-2057-cr

STEVEN LESANE,

                    *Defendant-Appellant*.*

-----------------------------------------------------------------

---

* The Clerk of Court is directed to amend the caption as set forth above.

FOR DEFENDANT-APPELLANT:     Robert J. Boyle, New York, NY

FOR APPELLEE:                Peter J. Davis, Jacob H.
                             Gutwillig, and Danielle R.
                             Sassoon, Assistant United
                             States Attorneys, *for* Damian
                             Williams, United States
                             Attorney for the Southern
                             District of New York, New
                             York, NY

Appeal from a judgment of the United States District Court for the

Southern District of New York (Kimba M. Wood, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

AND DECREED that the judgment of the District Court denying appellant's

motion to withdraw his guilty plea is AFFIRMED and the appeal from the

judgment of sentence is DISMISSED.

Steven Lesane appeals from an August 17, 2021 judgment of conviction

entered by the United States District Court for the Southern District of New York

(Wood, <u>J.</u>) after a guilty plea to one count of sex trafficking of a minor, in

violation of 18 U.S.C. §§ 1591(a) and (b)(2).  Prior to entering judgment, the

District Court denied Lesane's motion to withdraw his guilty plea and,

subsequently, his <u>pro</u> <u>se</u> motion for reconsideration of that decision.  We assume

2

the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision.

In September 2019 Lesane appeared before Magistrate Judge Ona T. Wang and pleaded guilty, pursuant to a plea agreement, to sex trafficking two minor victims in violation of 18 U.S.C. §§ 1591(a) and (b)(2).  In his plea agreement, Lesane stipulated to a two-point enhancement to the base offense level because the offense involved "the use of a computer or an interactive computer service."  App'x 33.  In December 2019 Lesane, through new counsel, moved to withdraw his guilty plea.  The District Court denied Lesane's motion as well as his pro se motion for reconsideration.

## I.    Plea Withdrawal

We review for abuse of discretion the District Court's denials of Lesane's motion to withdraw his plea and his pro se motion for reconsideration.  See United States v. Doe, 537 F.3d 204, 211 (2d Cir. 2008); United States v. Moreno, 789 F.3d 72, 78 n.4 (2d Cir. 2015).

**A. Factual Basis with Respect to Interstate Commerce Nexus**

A defendant may withdraw his plea if he can show that there was no factual basis for the plea. See United States v. Adams, 448 F.3d 492, 497, 499-500 (2d Cir. 2006); see also United States v. Murphy, 942 F.3d 73, 85 (2d Cir. 2019) ("A lack of a factual basis for a plea is a substantial defect calling into question the validity of the plea. Such defects . . . cast serious doubt on the voluntariness of the plea."); Fed. R. Crim. P. 11(b)(3) ("Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea."). Lesane argues that the District Court should have granted his motion to withdraw his plea because there was not an adequate factual basis for the plea with respect to the interstate commerce nexus, which is an element of his offense. We agree with the District Court's conclusion that there was a factual basis for Lesane's plea as to this element. "[T]o establish the factual basis required by Rule 11, the district court may rely on representations of the defendant, of the attorneys for the government and the defense, [or] of the presentence report when one is available, and indeed may use whatever means is appropriate in a specific case." United States v. Culbertson, 670 F.3d 183, 190 (2d Cir. 2012) (quotation marks

4

omitted). Here, both the plea agreement and the presentence report state that Lesane used "a computer or an interactive computer service to persuade, induce, entice, coerce, or facilitate the travel of [a minor victim] to engage in prohibited sexual conduct." App'x 33; PSR ¶ 4(ix); see United States v. Clarke, 979 F.3d 82, 93 n.6 (2d Cir. 2020) (holding that the interstate commerce element of 18 U.S.C. § 2252(a)(1) "is satisfied by the use of the internet"). This was enough to support the District Court's conclusion that there was a factual basis for Lesane's plea, particularly since "the burden of proving a nexus to interstate commerce is minimal." United States v. Celaj, 649 F.3d 162, 168 (2d Cir. 2011) (quotation marks omitted).

**B. Error in the Superseding Information**

Next, Lesane argues that the Superseding Information that served as the basis for his plea was "defective" because it referred to a version of 18 U.S.C. § 1591(b)(2) that went into effect after the time of the charged conduct. Def.-Appellant's Br. 21. We disagree. The Superseding Information erroneously referred to the statute as amended in 2015, when Congress expanded § 1591(b)(2)'s disjunctive list of past participles to include the terms "advertised,"

5

"patronized," and "solicited." See App'x 27. But a charging document is not deficient as long as it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and . . . enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." United States v. Stringer, 730 F.3d 120, 124 (2d Cir. 2013). The Superseding Information satisfied these requirements. The fact that it cited the amended version of the statute in the conjunctive does not affect its validity. See United States v. Astolas, 487 F.2d 275, 280 (2d Cir.1973).

To the extent Lesane argues that there is no factual basis for his guilty plea due to the error in the Superseding Information, that argument is also without merit. While Lesane is correct that the Superseding Information "alleged that [he] had 'advertised' both Victims," Def.-Appellant's Br. 22, he admitted during the plea proceeding that he "provided for commercial sex acts two individuals who had not yet attained the age of 18," App'x 55 (emphasis added), and the presentence report states that Lesane provided and transported such individuals for commercial sex acts, PSR ¶¶ 17-18. See United States v. Harris, 209 F.3d 156, 161 (2d Cir. 2000). We agree with the District Court that Lesane's "charged and

6

admitted conduct violated both the pre-2015 and post-2015 versions of Section 1591(b)(2)." App'x 96. We therefore conclude that the District Court did not abuse its discretion when it declined to allow Lesane to withdraw his guilty plea on the basis of the error in the Superseding Information.

**C. Voluntariness of the Plea**

We also reject Lesane's arguments that his guilty plea was not knowing and voluntary. Lesane contends that his lawyers provided ineffective assistance because they failed to advise him that the Government "might not be able to prove a nexus to interstate commerce," and that his health condition "prevent[ed] him from making a reasoned judgment about whether or not to plead guilty." Def.-Appellant's Br. 19-20, 23.

Lesane's argument that his health condition impacted the voluntariness of his plea fails on the merits because "[a] defendant's bald statements that simply contradict what he said at his plea allocution are not sufficient grounds to withdraw the guilty plea." United States v. Hirsch, 239 F.3d 221, 225 (2d Cir. 2001). During the plea allocution, Lesane affirmed that he could "understand everything," "fe[lt] all right" during the proceeding, and "underst[ood] what [the

7

plea agreement] says that [he] did." App'x 45-46. He also denied that his medical condition had "any impact on [his] ability to see, hear, think, reason, understand, or make decisions or judgments." Id. We therefore agree with the District Court's conclusion that Lesane's plea was knowing and voluntary. App'x 97-98; see United States v. Hernandez, 242 F.3d 110, 112 (2d Cir. 2001).

We likewise reject Lesane's argument that his plea was not knowing and voluntary because his counsel failed to advise him that the Government "might not be able to prove a nexus to interstate commerce." Def.-Appellant's Br. 20. Before he pleaded guilty, Lesane's counsel informed him that a victim had reported that there were web posts, that the government had not yet found them, and that the government was pursuing other leads to find incriminating posts. With the benefit of this knowledge, Lesane affirmed at the plea allocution that he was "satisfied with [his] attorney's representation" and signed the plea agreement. In short, the record does not support Lesane's argument that his lawyer's advice was deficient. See Strickland v. Washington, 466 U.S. 668, 694 (1984) (explaining that in order for counsel's performance to be ineffective, it must fall below an objective standard of reasonableness).

Because Lesane failed to raise "significant questions concerning the voluntariness or general validity of [his] plea," we also conclude that the District Court did not abuse its discretion when it declined to hold an evidentiary hearing before denying Lesane's motion to withdraw his guilty plea. Doe, 537 F.3d at 213.

**II.     Sentence**

Finally, we dismiss Lesane's appeal insofar as it challenges his sentence of 256 months' imprisonment. Under the plea agreement, Lesane waived his right to appeal "any sentence within or below the Stipulated Guidelines Range of 210 to 262 months' imprisonment." App'x 36. We "see no reason, under the circumstances of this case, to depart from our general rule that [w]aivers of the right to appeal a sentence are presumptively enforceable and will be enforced so long as they are knowing and voluntary." United States v. Burden, 860 F.3d 45, 52 (2d Cir. 2017) (quotation marks omitted).

We have considered Lesane's remaining arguments and conclude that they are without merit. For the foregoing reasons, we AFFIRM the decision of the District Court denying Lesane's motion to withdraw his guilty plea and DISMISS the appeal from the judgment of sentence.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court