22-420-cr
*United States v. Halliburton*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of August, two thousand twenty-three.

Present:
> DENNY CHIN,
> SUSAN L. CARNEY,
> EUNICE C. LEE,
> *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                22-420-cr

KEITH HALLIBURTON,

*Defendant-Appellant*.*

_____

| | |
|---|---|
| For Defendant-Appellant: | Elizabeth Latif, Law Offices of Elizabeth A. Latif PLLC, West Hartford, CT. |
| For Appellee: | Kedar S. Bhatia, Jacob R. Fiddelman, and David Abramowicz, Assistant United States Attorneys, Of Counsel, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY. |

---

* The Clerk of Court is respectfully directed to amend the caption as set forth above.

Appeal from a judgment of the United States District Court for the Southern District of New York (Rakoff, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Keith Halliburton pleaded guilty to conspiring to distribute and to possess with intent to distribute mixtures and substances containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C), and was sentenced principally to 144 months in prison. On appeal, Halliburton argues that the district court erred by failing to establish a factual basis for his guilty plea. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, which we discuss only as necessary to explain our decision.

In July 2020, Halliburton contacted an undercover FBI agent, who was posing as a heroin supplier, to purchase heroin. After agreeing on a meeting time and location, Halliburton sent co-defendant Jeremiah Young to procure the drugs from the undercover agent. On August 7, 2020, Young met with the agent and procured the sham heroin. Shortly after, police pulled Young over and arrested him. Following his arrest, Young told the agents that he went to the meeting place to recover heroin on Halliburton's behalf. Halliburton was subsequently arrested, and the government charged him—and Young—with conspiring to distribute and to possess with intent to distribute at least one kilogram of heroin. At his plea hearing on October 19, 2021, Halliburton admitted guilt and described his conduct in his own words, stating that between July and August 2020, he "sent an individual to New York to pick up drugs," including heroin, and knew that what he was doing was "illegal and wrong." App'x at 35–36. After the plea hearing but prior to

2

sentencing, discovery materials produced by the government revealed that Young had previously been an FBI informant in matters unrelated to this case.

Halliburton now argues, for the first time on appeal, that the district court erred because the record did not establish a factual basis for his guilty plea. Specifically, Halliburton asserts that Young's status as an FBI informant in *other* cases creates a factual issue as to whether a true conspiracy between Halliburton and Young existed in this case. Halliburton argues that because the record "does not provide a sufficient factual basis to conclude that [] Halliburton conspired with a non-government cooperator," his plea and sentence must be vacated. Appellant's Br. at 7.

Halliburton did not identify this claimed error before the district court and thus we review for plain error. *See United States v. Murphy*, 942 F.3d 73, 84 (2d Cir. 2019). To satisfy the plain error standard, Halliburton must establish that "(1) there was error, (2) the error was plain, . . . (3) the error prejudicially affected his substantial rights" and "(4) the error seriously affected the fairness, integrity or public reputation of judicial proceedings." *United States v. Lloyd*, 901 F.3d 111, 119 (2d Cir. 2018) (internal quotation marks omitted).

Here, Halliburton claims that he meets the first prong of the plain error standard because the record did not establish a factual basis for his plea. Federal Rule of Criminal Procedure 11(b)(3) states that: "Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." To do so, a court must "assure itself simply that the conduct to which the defendant admits is in fact an offense under the statutory provision under which he is pleading guilty." *United States v. Garcia*, 587 F.3d 509, 514 (2d Cir. 2009) (internal quotation marks omitted). Thus, "so long as the facts relied on are placed on the record at the time of the plea, the district court, in determining whether there was a factual basis for the plea, is free to rely on any facts at its disposal—not just the admissions of the defendant." *United States v. Torrellas*,

455 F.3d 96, 99 (2d Cir. 2006) (internal quotation marks omitted). As relevant to Halliburton's appeal, conspiracy convictions require that there have been knowing agreement between at least two culpable co-conspirators. *United States v. Carlton*, 442 F.3d 802, 811 (2d Cir. 2006). To participate in a conspiracy, a co-conspirator cannot be acting as a government agent because "a 'person who enters into such an agreement while acting as an agent of the government, either directly or as a confidential informant, lacks the criminal intent necessary to render him a *bona fide* co-conspirator.'" *Id*. (quoting *United States v. Vazquez,* 113 F.3d 383, 387 (2d Cir. 1997) (emphasis in original)).

Halliburton argues that, in light of Young's history of being a government cooperator in other cases, "[t]he record at the time of the plea did not establish that [Young] was not acting as such during the conspiracy, and therefore, there was not a sufficient factual basis for the plea." Appellant's Br. at 8–9. This argument is unpersuasive for three main reasons. First, and most importantly, the district court asked Halliburton at the plea proceeding to describe in his "own words" what conduct made him "guilty of th[e] crime," App'x at 35, and Halliburton responded by saying that he "sent an individual to New York to pick up drugs," including heroin. *Id*. at 35–36. We have held that a defendant's plea colloquy following the execution of a plea agreement can provide a permissible source for ascertaining the factual basis for the plea, and Halliburton's admission did so here at least as to his own intent. *See United States v. Smith*, 160 F.3d 117, 121 n.2 (2d Cir. 1998). Second, nothing in the record indicates that Young was acting as a government agent when he drove to New York at Halliburton's direction. Indeed, the government expressly told Halliburton's counsel that Young was not a cooperator in the charged drug transaction. *See* App'x at 90 ("Neither Young nor [Halliburton] gave the FBI contact prior notice about the narcotics transaction charged in this case nor sought prior authorization to conduct

the transaction."). Third and finally, Halliburton does not point to any Circuit caselaw that, in the words of the government, would require district courts to "conduct a searching review that identifies, considers, and rules out all possible defenses," such as whether a co-conspirator has previously cooperated. Appellee's Br. at 20. And, at a minimum, Halliburton fails to cite any other precedent indicating that district courts plainly err when they rely on representations made by defendants during plea colloquies. For these reasons, the district court did not err in concluding that the record established a factual basis for the plea, and thus Halliburton fails to meet the first prong of the plain error analysis, and we need not address the remaining plain error prongs.[1]

We have considered Halliburton's other arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] It bears mentioning, however, that Halliburton does not address at all the fourth plain error prong—the effect of any error on the fairness, integrity, or public reputation of the proceedings—in his opening brief. While he does so in his reply brief, it is "well-settled" that this Court "will not usually entertain an argument made for the first time in a reply brief." *United States v. Sampson*, 898 F.3d 287, 314 (2d Cir. 2018).